(54 P.3d 518)
No. 88,214

THOMAS LEWIS HEARST, *Appellant*, v. STATE OF KANSAS, *et al.*, *Appellees*.

Opinion filed September 13, 2002.

*Thomas Lewis Hearst*, appellant pro se.

*Michelle A. Davis*, assistant attorney general, for appellees.

Before RULON, C.J., LEWIS, J., and PADDOCK, S.J.

PADDOCK, J.: Thomas Lewis Hearst appeals the district court's decision summarily dismissing his habeas corpus petition.

We affirm.

Hearst claims the district court erred by finding his due process rights were not violated during his parole revocation proceedings. He also claims the district court erred by dismissing his petition without conducting an evidentiary hearing.

Although we find there was a due process violation, we find the violation was cured by the decision of the Kansas Parole Board

(KPB) at the final revocation hearing. We affirm the district court's dismissal of the habeas corpus petition.

On August 18, 2000, Hearst was paroled from his indeterminate sentence. He was ordered to comply with several parole conditions. The first condition required Hearst to keep his parole officer continuously informed of his residence and employment and to obtain his parole officer's advance permission to travel outside of his assigned parole district. The second condition required Hearst to obey all federal and state laws. The fifth condition required that Hearst not illegally possess, use, or traffic in controlled substances, narcotics, or other drugs.

On November 21, 2000, Hearst received a written statement of charges alleging he violated the first condition by changing his residence to an unknown location without his parole officer's permission. The statement also alleged Hearst violated the fifth condition by trafficking in narcotics.

At the Kansas Department of Corrections (KDOC) preliminary hearing to determine if there was probable cause to show that Hearst had violated the conditions of his parole, the hearing officer found that the evidence established probable cause to believe Hearst had violated the first and fifth parole conditions which had been charged in the written statement. Unfortunately, the hearing officer also found there was probable cause to believe Hearst had violated the second parole condition that he obey all federal and state laws. The violation of the second parole condition had not been included in the written statement of charges that had been served on Hearst. The charge had been added by the hearing officer during the preliminary hearing.

The KPB conducted a final revocation hearing and found Hearst not guilty of violating the second and fifth parole conditions, but guilty of violating the first parole condition. The KPB revoked Hearst's parole.

Hearst filed a petition for writ of habeas corpus under K.S.A. 2001 Supp. 60-1501. Hearst claimed he was denied due process during the revocation proceedings because the hearing officer (1) did not provide prior notice of the charge of violating the laws by trafficking drugs and (2) was biased during the preliminary hearing.

Hearst stated the KPB's decision to revoke his parole was arbitrary and capricious because it relied upon the hearing officer's report.

The KDOC and the KPB filed motions to dismiss Hearst's petition for failure to state a claim upon which relief can be granted, K.S.A. 60-212(b)(6). The district court found Hearst's due process rights were not violated during the parole revocation proceedings and that the KPB's decision to revoke Hearst's parole was not arbitrary or capricious. It granted the motions to dismiss. Hearst appealed.

On appeal, Hearst's due process arguments focus on the addition of the new charge at the preliminary hearing. Because the KPB found him not guilty of the added charge, the due process issues are arguably moot. However, the district court addressed the due process concerns. Further, an exception to the mootness doctrine exists when an issue is of statewide importance and is capable of repetition. If the exception applies, the court can consider the appeal and render a decision. *Board of Johnson County Comm'rs v. Duffy*, 259 Kan. 500, 504, 912 P.2d 716 (1996). Here, because the issue concerns the denial of due process in proceedings conducted by state agencies, we apply the exception.

In *Morrissey v. Brewer*, 408 U.S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593 (1972), the United States Supreme Court set out the minimum requirements for the two phases in parole revocation proceedings.

The first phase includes a preliminary hearing to determine whether there is probable cause to believe that the parolee committed acts that violated his or her parole conditions. 408 U.S. at 485-86.

One of the cardinal requirements for the preliminary hearing is that the parolee must be informed of the alleged violations. 408 U.S. at 487.

The hearing officer must summarize the substance of the evidence that supports the revocation of parole and the parolee's position and responses. Based upon this information, the hearing officer decides whether there is probable cause to hold the parolee for a final decision on revocation by the parole authority. The hearing officer should state the reasons for the decision and the evi-

dence relied upon, but need not make formal findings of fact and conclusions of law. 408 U.S. at 487.

The second phase is the hearing by the parole authority. This hearing is to determine more than probable cause. It is "a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation." 408 U.S. at 488. The parolee must be given the opportunity to be heard and to show that he or she did not violate the parole conditions or, if the violations occurred, mitigating circumstances that indicate the violation does not require revocation. 408 U.S. at 488.

The *Morrissey* requirements are found in our statutes and regulations. K.S.A. 2001 Supp. 75-5217(a) requires serving the parolee at the time of arrest with written notice that states the parole violation charges. A preliminary hearing to determine whether probable cause exists shall be conducted by the KDOC and the procedures for the hearing are set by the Secretary of the KDOC. K.S.A. 2001 Supp. 75-5217(b). The KDOC's procedures for a preliminary hearing are promulgated in K.A.R. 44-9-105. Subsection (a) states the parolee must be given written notice of the charges, stated with sufficient particularity and provided with sufficient time before the hearing to prepare a defense. It does not authorize the addition of new charges. K.A.R. 44-9-105(a).

After a finding of probable cause that the parolee violated the parole conditions, the parolee has the right to a final hearing before the KPB. K.S.A. 2001 Supp. 75-5217(b). The KPB has authority to adopt rules and regulations in accordance with K.S.A. 77-415 regarding procedures for revocation proceedings that are consistent with the law and as the KPB deems proper or necessary. K.S.A. 2001 Supp. 22-3717(1); K.S.A. 2001 Supp. 75-5217(b). The KPB's procedures for a final revocation hearing are set forth in K.A.R. 45-9-2. Under subsection (b), the KPB may add charges after continuing the hearing and providing written notice of the new charges and a statement of the evidence.

Hearst does not claim the above statutes and regulations violate the minimum due process standards set by *Morrissey*. Rather, he claims the state agencies did not comply with those due process laws. Whether an individual's due process rights were violated is a

question of law, over which we have de novo review. *Hemphill v. Kansas Dept. of Revenue*, 270 Kan. 83, 89, 11 P.3d 1165 (2000).

An administrative agency's regulations have the force and effect of law and are issued to benefit the agency and the public. *Murphy v. Nelson*, 260 Kan. 589, 595, 921 P.2d 1225 (1996). The general rule is that "an administrative agency may not violate or ignore its own rules, and where it fails to follow the rules which it has promulgated, its orders are unlawful." 260 Kan. at 595. Thus, the hearing officer must have authority to add charges under a statute or authorized regulation.

Hearst acknowledges the KDOC's internal management policies and procedures (IMPP) require the hearing officer's report or summary to state any additional violations that were established during the proceedings. A statement of additional violations in the report is not the same as the addition of new charges at the hearing. Also, the IMPP is not a regulation. The KDOC's regulations for a preliminary hearing do not have provisions for adding new charges, unlike the KPB's regulations. Further, the KPB's regulations allow new charges to be added only after continuing the hearing and giving written notice and a statement of such evidence against the offender so that the parolee has an opportunity to defend. The hearing officer violated Hearst's due process rights by adding a new charge without authorization, notice, and continuing the hearing.

Next, Hearst argues the hearing officer was biased against him. At the core of this argument is the addition of the new charge without notice and time to prepare a defense.

Although the addition of the new charge was a due process violation, that fact alone does not show a personal bias. More likely, the hearing officer misinterpreted the KDOC's IMPP.

Hearst also claims the hearing officer was biased because he did not record in his decision an outburst by the parole officer, a statement by the parole officer concerning Hearst's release from a halfway house, and the entirety of a discharge letter from the halfway house favorable to Hearst.

The hearing officer's report summarized the evidence that supported the parole revocation. It also summarized Hearst's responses and stated that the hearing officer had received and con-

sidered the letter from the halfway house. The hearing officer's report complied with the *Morrissey* and K.A.R. 44-9-105(f) requirements for the written statement of the basis for the hearing officer's decision. Formal findings of fact and conclusions of law are not required, nor is the recording of the parole officer's demeanor.

Next, Hearst claims the KPB did not make an independent decision on the parole violation charges and its proceedings were tainted by the hearing officer's violation of his due process rights. We disagree. The KPB conducted a de novo hearing and based its decision on the parole officer's report and Hearst's testimony. The KPB found Hearst guilty of the violation of the first condition of his parole, which Hearst did not contest. Hearst was found not guilty of narcotics trafficking and violating state or federal laws. The decision leads to the conclusion that the KPB made an independent evaluation of the evidence and merits rather than adopting the decision of the hearing officer, thus curing the due process defect. See *Rydd v. State Board of Health*, 202 Kan. 721, 728-29, 451 P.2d 239 (1969) (due process defect can only be cured by trial de novo where evidence is weighed and an independent judgment on the merits entered).

Although the district court incorrectly held Hearst's due process rights were not violated, the end result was correct and its decision should be upheld. See *Bergstrom v. Noah*, 266 Kan. 847, 875-76, 974 P.2d 531 (1999) (if trial court reached the right result, its decision will be upheld even though it assigned erroneous reasons).

Finally, Hearst contends the district court erred by dismissing his petition without an evidentiary hearing.

Appellate court review of the denial of parole is limited to whether the KPB complied with the applicable statutes and whether its decision was arbitrary and capricious. *Torrence v. Kansas Parole Board*, 21 Kan. App. 2d 457, 458, 904 P.2d 581 (1995).

The district court can summarily dismiss a K.S.A. 2001 Supp. 60-1501 petition for failure to state a claim upon which relief could be granted where the petitioner can prove no set of facts which would entitle the petitioner to relief. The petitioner has the burden

of proof. *Johnson v. Stucker*, 203 Kan. 253, 260, 453 P.2d 35 (1969), *cert. denied* 396 U.S. 904 (1969).

The KPB revoked Hearst's parole because he failed to report his residence to his parole officer after leaving the halfway house. However, Hearst does not contest this reason for his parole revocation. The core of his argument is, once again, the due process violation of adding a new charge. He claims this violation is shocking to the general conscience and constitutes intolerable conduct.

The due process defect was cured at the final revocation proceedings by the KPB. The hearing officer's erroneous reliance upon the provisions in the IMPP did not rise to the level of shocking the general conscience and intolerable conduct. It was undisputed that one of Hearst's parole conditions was to keep his parole officer continuously informed of his residence and that he had failed to inform his parole officer of his new residence after leaving the halfway house. In revoking Hearst's parole, the KPB complied with the applicable statutes, and its decision was not arbitrary and capricious.

Because Hearst cannot prove facts which would entitle him to relief, the district court did not err in summarily dismissing his petition.

Affirmed.