(138 P.3d 1234)
No. 95,032

JUSTIN DAWSON, *Appellant*, v. WARDEN LOUIS BRUCE, *Appellee*.

Original opinion, *Dawson v. Bruce* filed May 19, 2006, is ordered withdrawn. Modified opinion filed July 17, 2006.

*Justin L. Dawson,* appellant pro se.

*Jon D. Graves,* special assistant attorney general, for appellee.

Before MCANANY, P.J., PIERRON and CAPLINGER, JJ.

MCANANY, J.: Justin L. Dawson appeals the district court's summary denial of his K.S.A. 60-1501 petition in which he alleged violations of his constitutional rights in a prison disciplinary hearing. We affirm.

A prison official found a plastic bag inside a trash can in a parking lot at the Hutchinson Correctional Facility. The bag contained tobacco, snuff, lighters, and a set of binoculars. The items were marked with invisible ink and florescent dust and returned to a trash can near the prison's pedestrian gate. It was inmate Dawson's job to empty trash cans at the prison. Dawson and Ramonne Kirksey, another inmate, were observed emptying the trash can, taking the contents into one of the prison buildings, and locking the door to the building.

Prison officials gained access to the building and examined a number of inmates using a black light which illuminates florescent dust. Eight inmates were found to have the dust on their hands. Inmates Dawson, Kirksey, and Jan Kilbourne had the most. The officers concluded that the dust on the hands of the first five came from incidental contact and that Dawson, Kirksey, and Kilbourne had direct contact with the contraband. The officers searched the building and recovered the contraband.

Dawson was accused of violating K.A.R. 44-12-1001, which makes a violation of any state or federal felony statute a class I offense. Dawson was accused of violating K.S.A. 2005 Supp. 21-3826, having unauthorized possession of contraband in a correctional institution, a felony. Dawson was found guilty following the prison disciplinary hearing and was sentenced to 45 days of disciplinary segregation, 60 days of restriction, 6 months' loss of good time credit, and a $20 fine. After his conviction was affirmed by the Secretary of Corrections, he filed a K.S.A. 60-1501 petition in the district court. The district court summarily denied Dawson's petition, finding that his conviction was supported by some evi-

dence and the minimal due process rights required at a disciplinary hearing were met. Dawson now appeals.

Dawson claims he was denied due process when prison authorities refused his request to call a certain witness and when he was denied the assistance of counsel. He also claims there was insufficient evidence against him and that prison officials failed to follow the Kansas Administrative Regulations.

Whether Dawson was afforded due process is a question of law over which our review is unlimited. *Anderson v. McKune*, 23 Kan. App. 2d 803, 807, 937 P.2d 16 (1997). The due process rights of a prisoner in a disciplinary hearing are not as extensive as the rights of a defendant in a criminal proceeding. *Hogue v. Bruce*, 279 Kan. 848, 851, 113 P.3d 234 (2005). The due process rights which apply in prison disciplinary proceedings are the rights to an impartial hearing, to receive a written notice of the charges to enable the inmate to prepare a defense, to call witnesses and present documentary evidence, and to receive a written statement of the findings of fact and the reasons for the decision. *In re Habeas Corpus Application of Pierpoint*, 271 Kan. 620, 24 P.3d 128 (2001).

### Refusal to Call Witness

Dawson filed an "Inmate Request For Witness" form, requesting that he be permitted to call Sgt. Rosiere as a witness. He indicated that Rosiere could testify that Dawson's job was to pick up trash and to empty trash barrels. Dawson's request was denied on the grounds that this testimony would be irrelevant under K.A.R. 44-13-405a(a)(7).

Hearing officers have broad discretion in considering witness requests. K.A.R. 44-13-405a(b). Courts will not interfere with the activities of prison officials absent an abuse of their discretion. *Levier v. State*, 209 Kan. 442, 450-51, 497 P.2d 265 (1972).

The regulation cited by the hearing officer, K.A.R. 44-13-405a(a)(7), permits the hearing officer to exercise broad discretion in considering an inmate's request to call a prison employee as a witness. The hearing officer must balance the prison's need to avoid unnecessary testimony against the inmate's interest in avoiding sanctions that may result from the hearing.

The testimony from Dawson's proposed witness was unnecessary. Dawson's own testimony on this issue was uncontroverted. Corroborating testimony from Sgt. Rosiere was unnecessary. The hearing officer did not abuse his discretion in denying Dawson's witness request.

### Assistance of Counsel

Dawson asked the hearing officer for staff assistance, and his request was denied. The hearing officer determined that, pursuant to K.A.R. 44-13-408, there was no need for assistance. This regulation requires the hearing officer to appoint a staff member to assist an inmate at the disciplinary hearing if, at any stage of the hearing, the hearing officer finds that the inmate is incapable of self-representation.

Dawson relies upon dicta from *In re Habeas Corpus Application of Pierpoint* to support this claim. In that case, the court commented:

"It is only in the exceptional case, where the inmate is completely unable to represent his interests or the inmate faces possible felony charges as a result of the disciplinary violation, that due process requires an attorney to represent the interests of such inmates." 271 Kan. at 634.

While the general rule is that we are duty bound to follow Supreme Court precedent, that duty does not extend to dicta in a Supreme Court opinion. Accordingly, we must consider the reference to the right to counsel in light of the issue involved at the time. " 'What is said in an opinion or the syllabus thereof always is to be read and interpreted in the light of the facts and questions presented in the case. [Citations omitted].' " *Dallam v. Hedrick*, 16 Kan. App. 2d 258, 263, 826 P.2d 511 (1990). Although dicta is respected, it does not govern a judgment in a subsequent controversy. *U.S.D. No. 279 v. Secretary of Kansas Dept. of Human Resources*, 247 Kan. 519, 527, 802 P.2d 516 (1990).

Pierpoint, a prison inmate who claimed he was minimally educated and could not present an effective defense on his own behalf, claimed he was entitled to counsel based upon *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935, 94 S. Ct. 2963 (1974), and *Baxter v. Palmigiano*, 425 U.S. 308, 47 L. Ed. 2d 810, 96 S. Ct. 1551

(1976). *Wolff* and *Baxter* hold that prison inmates do not have a due process right to either retained or appointed counsel in disciplinary proceedings, even when the charges involve conduct punishable under state law. *Wolff* carved out an exception, providing assistance from staff or from another inmate, if the inmate is illiterate or the complexity of the issues makes it unlikely that the inmate will be able to collect and present evidence necessary for an adequate comprehension of the case. *Wolff*, 418 U.S. at 570.

In *Baxter*, inmate Palmigiano was brought before the prison disciplinary board for inciting a disturbance which might have resulted in a riot, conduct for which he could be prosecuted under state law. The Supreme Court stated:

"We see no reason to alter our conclusion so recently made in *Wolff* that inmates do not 'have a right to either retained or appointed counsel in disciplinary hearings.' 418 U.S., at 570. Plainly, therefore, state authorities were not in error in failing to advise Palmigiano to the contrary, *i.e.*, that he was entitled to counsel at the hearing and that the State would furnish counsel if he did not have one of his own." 425 U.S. at 315.

The Court both in *Wolff* and in *Baxter* commented on the reasonable accommodation between the interests of the inmates and the needs of the institution. Considering the dicta of the court in *Pierpoint* in this perspective, we are satisfied that the court did not intend to tip that balance in the manner Dawson now suggests. To do so would lead to a requirement that counsel be appointed for inmates involved in a prison riot, for example. And since inmates in such a situation could have varied and conflicting interests that would require separate counsel for each, an entire army of lawyers would have to be employed in the aftermath of a significant disturbance. The hearing officer did not err in denying Dawson the assistance of counsel.

### Sufficiency of Evidence

The standard of review for the sufficiency of the evidence in a prison disciplinary hearing has been announced in *Anderson v. McKune*, 23 Kan. App. 2d 803, 807-08, 937 P.2d 16, *rev. denied* 262 Kan. 959 (1997):

" 'This standard is met if "there was *some evidence* from which the conclusion of the administrative tribunal could be deduced . . . ." [T]he relevant question is whether there is *any evidence in the record* that could support the conclusion reached by the disciplinary board. [Citations omitted.]' (Emphasis added.)"

Dawson was accused of having unauthorized possession of contraband in a correctional institution. There was testimony that Dawson and Kirksey took the contents of the trash can where the contraband was located into one of the prison buildings and locked the door. When prison officials gained access to the building and examined the inmates there, Dawson was found with the incriminating dust on his hands. There was certainly sufficient evidence using the standard announced in *Anderson* to support the board's findings.

### Kansas Administrative Regulations

Dawson complains about the timing of his discipline report. He claims it did not satisfy the 48-hour requirement of K.A.R. 44-13-201(c). This regulation requires the writing of a discipline report within 48 hours of determining that the inmate is a suspect. Dawson's argument fails. The prison officials were allowed to conduct an ongoing investigation to determine if there was sufficient evidence to charge him. In any event, such a complaint, even if true, does not evidence a violation of a right to fundamental fairness that rises to a constitutional level. See *Anderson*, 23 Kan. App. 2d 803, Syl. ¶ 7.

Next, he claims his procedural due process rights were violated because Kilbourne's disciplinary hearing occurred first and evidence and testimony against him was improperly heard by the hearing officer outside his presence in violation of K.A.R. 44-13-403. This claim is without merit. There is no administrative regulation that prohibits sequential hearings for different inmates on charges arising out of the same set of facts. Under Dawson's theory, one mass, consolidated hearing would have to be held for a multitude of inmates involved in a prison riot. We know of no such requirement.

Finally, Dawson claims there were violations of K.A.R. 44-13-101(c)(1), (5), (7), K.A.R. 44-13-403(j), and K.A.R. 44-13-405a(e),

denying him a fair hearing. He fails to tell us how. Issues not briefed by an appellant are deemed waived or abandoned. *State v. Holmes*, 278 Kan. 603, 622, 102 P.3d 406 (2004).

Affirmed.