NOT DESIGNATED FOR PUBLICATION

No. 118,993

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

GEORGE SPRY,
*Appellant*,

v.

KANSAS PRISONER REVIEW BOARD,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed October 19, 2018. Affirmed.

*Matthew L. Tillma*, of Law Office of Gregory C. Robinson, of Lansing, for appellant.

*Bryan Ross*, assistant attorney general, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., PIERRON and POWELL, JJ.

PER CURIAM: The Kansas Prisoner Review Board (Board) passed on George Spry's parole decision for five years. Spry petitioned for a writ of habeas corpus, arguing the Board's decision was arbitrary and capricious. The district court dismissed Spry's habeas petition because he only challenged one of three reasons for the Board's decision to pass, and he only challenged one of the three reasons the Board extended its decision for five years. Spry now appeals. We affirm.

A jury convicted George Spry of premeditated first-degree murder for sneaking into the home of Barbara Chaffe, his ex-girlfriend, and repeatedly bludgeoning her with

1

an ax while she was in bed late at night. *State v. Spry*, 266 Kan. 523, 524-26, 973 P.2d 783 (1999). The evidence at Spry's trial indicated all of his ax strikes to Chaffee were lethal except one and it was unclear whether Spry's first strike was the killing blow. The district court sentenced him to a hard 40 years term of imprisonment. The Kansas Supreme Court affirmed Spry's conviction but reversed and remanded his hard 40 sentence for resentencing, finding insufficient evidence to prove beyond a reasonable doubt he inflicted serious mental anguish or serious physical abuse before Chaffee died. 266 Kan. at 534-36.

In 2016, the Board passed his parole decision for five years and recommended Spry remain free of disciplinary reports and gain insight into his offending behavior. The Board listed three reasons for passing Spry's parole: the serious nature and circumstances of his crime; the violent nature of his crime; and Spry denied responsibility for murdering Chaffee. The Board extended Spry's pass for five years because:

> "[Spry] has been sentenced for a class A or B felony, or an off-grid felony, and the Board makes a special finding that a subsequent parole hearing should be deferred for 5 years, because it is not reasonable to expect that parole would be granted at a hearing if held before then for the following reasons:
> "[Spry] does not have a parole plan to meet his needs or to provide for public safety.
> . . . .
> "[Spry] has not demonstrated the ability to work on the areas needed to reduce his risk to re-offend.
> "The length of the pass will allow [Spry] sufficient time to work on the areas necessary to reduce his risk to re-offend."

Spry requested the Kansas Department of Corrections (DOC) reconsider but the agency denied Spry's reconsideration. He then filed a petition for a writ of habeas corpus, claiming the Board's decision was arbitrary and capricious. He alleged the Board erred in finding his crime was violent because of the Kansas Supreme Court findings in his direct

2

appeal. He also claimed the Board erred because it denied parole for lack of a parole plan but other DOC regulations require the Board to provide a parole plan after granting parole. Spry did not address any of the other reasons the Board passed and extended his parole decision for five years. The State moved to dismiss Spry's habeas petition. After hearing the matter, the district court dismissed Spry's petition, finding the Board did not err because it provided other adequate reasons to pass his parole decision.

Spry appeals.

When a district court provides an alternative basis to support its ultimate ruling on an issue and an appellant fails to challenge the validity of both alternative bases on appeal, an appellate court may decline to address the appellant's challenge to the district court's ruling. *National Bank of Andover v. Kansas Bankers Surety Co.*, 290 Kan. 247, 280-81, 225 P.3d 707 (2010). Similarly, an issue not briefed by the appellant is deemed waived or abandoned. *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011).

The Kansas Court of Appeals may decline to review Spry's claims because he does not challenge the district court's findings in his appeal. See *Kansas Bankers Surety Co.*, 290 Kan. at 280-81 (declining to address the merits of an appellant's challenge because the district court provided alternative bases for its ruling); *Kimball*, 292 Kan. at 889 (finding an issue not brief is waived or abandoned). In his habeas petition, Spry only challenged the Board's first finding—he committed a violent crime—and one reason the Board extended his parole decision for five years—he did not have a parole plan in place. In dismissing Spry's petition, the district court relied on the other two reasons the Board passed his parole—Spry denied responsibility for murdering Chaffee and his crime and its circumstances were serious. On appeal, Spry does not argue against the district court's findings that there were two other sufficient reasons to pass on the parole decision. Therefore, he has abandoned the reasons for the district court's dismissal of his habeas

3

petition and the Kansas Court of Appeals may decline to review this matter. See *Kimball*, 292 Kan. at 889. Additionally, the court may affirm the district court's findings as alternative bases. See *Kansas Bankers Surety Co.*, 290 Kan. at 280.

To state a claim for relief under K.S.A. 2017 Supp. 60-1501, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). An appellate court reviews a district court's decision on a K.S.A. 60-1501 petition to determine whether the district court's factual findings are supported by substantial competent evidence and are sufficient to support the court's conclusions of law. The district court's conclusions of law are subject to de novo review. *Rice v. State*, 278 Kan. 309, 320, 95 P.3d 994 (2004); *Hooks v. State*, 51 Kan. App. 2d 527, 530, 349 P.3d 476 (2015). When reviewing a denial of parole, an appellate court is limited to whether the Board complied with the applicable statutes and whether its decision was arbitrary and capricious. *Hearst v. State*, 30 Kan. App. 2d 1052, 1057, 54 P.3d 518 (2002). Arbitrary is defined as without adequate determining principles and not done or acting according to reason or judgment. *Robinson v. City of Wichita Employees' Retirement Bd. of Trustees*, 291 Kan. 266, 271, 241 P.3d 15 (2010). Capricious is defined as changing apparently without regard to any laws. 291 Kan. at 271.

Kansas law requires the Board to consider a nonexhaustive list of factors before deciding whether to grant or pass parole, including "the circumstances of the offense of the inmate . . . the conduct, employment, and attitude of the inmate in prison . . . ." K.S.A. 2017 Supp. 22-3717(h)(2). If the Board decides against granting parole to the inmate, it must provide its reasoning in writing to him or her. K.S.A. 2017 Supp. 22-3717(j)(1). For class A, B, or off-grid felonies, the Board may hold another parole hearing within three years unless it finds it is unreasonable to expect parole would be granted within the next 10 years. K.S.A. 2017 Supp. 22-3717(j)(1). In such a case, the Board may defer its parole

decision for up to 10 years but it must state the basis for doing so. K.S.A. 2017 Supp. 22-3717(j)(1).

Kansas courts have described parole as "'a privilege, a matter of grace, and no constitutional right is involved.'" *Johnson v. Kansas Parole Bd.*, No. 99,552, 2008 WL 4239117, at *1 (Kan. App. 2008) (unpublished opinion) (quoting *Johnson v. Stucker,* 203 Kan. 253, 257, 453 P.2d 35, *cert. denied* 396 U.S. 904 [1969]). The Kansas Court of Appeals has upheld a denial of parole when the Board passed an inmate's parole decision due to the serious nature and circumstances of his crime. *Torrence v. Kansas Parole Bd.*, 21 Kan. App. 2d 457, 459, 904 P.2d 581 (1995) (citing *Gilmore v. Kansas Parole Board*, 243 Kan. 173, 175-76, 756 P.2d 410, *cert. denied* 488 U.S. 930 [1988]). The court has also upheld the Board's denial of parole when the Board found the violent nature of an inmate's crimes is the reason to pass his parole. *Galloway v. Kansas Parole Bd.*, No. 110,637, 2014 WL 2229548, at *1-2 (Kan. App. 2014) (unpublished opinion). In addition, the Kansas Court of Appeals has found a Board's decision for an extended pass is legally sufficient because an inmate needed continued structure, community resources could not provide sufficient support to meet those needs, and the extension was necessary for public safety. *Johnson*, 2008 WL 4239117, at *1-2.

The district court did not err in dismissing Spry's habeas petition. The Board appropriately provided three reasons for passing Spry's parole as required under K.S.A. 2017 Supp. 22-3717(h)(2). First, it passed Spry's parole because of the serious nature and circumstances of his crime, a legally sufficient finding. See *Torrence*, 21 Kan. App. 2d at 459. The Board also passed on Spry's parole because he denied responsibility for murdering Chaffee. This finding is consistent with the Board's requirement to weigh Spry's attitude. See K.S.A. 2017 Supp. 22-3717(h)(2). For those reasons alone, the Board's decision to pass on Spry's parole was not arbitrary or capricious.

Spry also claims the Board's decision to pass on his parole because his crime was violent is an arbitrary and capricious decision because the Kansas Supreme Court found his crimes were not violent in his direct appeal. However, Spry misstates the Kansas Supreme Court's findings in his prior appeal.

At issue in his direct appeal was whether Spry's murder of Chafee was "*especially* heinous, atrocious, or cruel," an aggravated finding necessary to impose Kansas' hard 40 sentence. (Emphasis added.) 266 Kan. at 531. As the court noted "[a]ll murders are heinous, atrocious, and cruel" but only those that inflicted "'serious mental anguish or serious physical abuse before the victim's death'" were subject to a hard 40 sentence. 266 Kan. at 531. Spry repeatedly struck Chafee in the back of her skull and neck with an ax while she was face down in her bed in the middle of the night. However, the evidence at trial indicated all but one of the numerous blows was fatal. There was no evidence Chaffee was awake when Spry murdered her or she was aware he used an ax to do so. The Supreme Court ultimately concluded there was insufficient evidence to find beyond a reasonable doubt Spry caused Chaffee to suffer serious mental anguish or physical abuse before she died. 266 Kan. at 534-36. The *Spry* court never determined Chaffee's murder was nonviolent. The facts of the case indicate Spry's crime was extraordinarily violent. "Chaffee's neck was fractured and her skull was completely ruptured." 266 Kan. at 527. Addressing its difficult decision, the court acknowledged "society's image of an ax murder rises above most other forms of murder on a scale of depraved behavior." 266 Kan. at 534.

Given that Spry's murder of Chaffee was extraordinarily violent, and an act society views as depraved behavior, the Board's decision to pass Spry's parole because his crime was violent was not arbitrary or capricious. See *Galloway*, 2014 WL 2229548, at *1-2. Instead, the Board's decision is supported by the facts relied upon by the Kansas Supreme Court in *Spry*. 266 Kan. at 527.

Spry's only other argument is the Board acted arbitrarily in telling him he needed a parole plan, but in separate regulations he would be given a parole plan only when granted parole. According to Spry, "[i]f the board's decision was based on *an* arbitrary factor then there is no way to determine that the *entire decision* was not arbitrary." (Emphasis added.) Spry does not support this claim with any pertinent authority and the Kansas Court of Appeals may affirm the lower court's and Board's decisions. *University of Kan. Hosp. Auth. v. Board of Comm'rs of Unified Gov't*, 301 Kan. 993, 1001, 348 P.3d 602 (2015).

The Board provided other sufficient reasons for the length of Spry's pass—he did not demonstrate he worked to reduce his risk of reoffending and he would have five years to complete such work. Given his risk of reoffending endangers the public, the Board provided sufficient legal reasons for Spry to remain incarcerated and reduce that risk. See *Johnson*, 2008 WL 4239117, at *2.

Affirmed.