NOT DESIGNATED FOR PUBLICATION

No. 128,861

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JUJUAN GIBSON,
*Appellant*,

v.

DAN SCHNURR, Warden,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; Daniel D. Gilligan, judge. Oral argument held November 18, 2025. Opinion filed January 30, 2026. Affirmed.

*Wendie C. Miller*, of Kechi, for appellant.

*Jon D. Graves*, legal counsel, Kansas Department of Corrections, for appellee.

Before GARDNER, P.J., HILL, J., and JOAN M. LOWDON, District Judge, assigned.

PER CURIAM: Jujuan Gibson, an inmate in the Hutchinson Correctional Facility (HCF), was fined and disciplined for possessing dangerous contraband. After exhausting his administrative remedies, he filed this habeas corpus petition in the Reno County District Court, alleging a violation of his due process rights. The district court held several preliminary hearings in which it asked Gibson if he wanted the case remanded to the hearing officer to cure procedural deficiencies from Gibson's hearing or if Gibson wanted his case decided on the motions, files, and records of the case. After appointing Gibson counsel to discuss the options, the district court ultimately considered the matter

1

on the motions, files, and records of the case at Gibson's request. It found that some evidence supported the hearing officer's findings and furthermore, any procedural deficiencies did not implicate due process because Gibson had elected to not allow HCF to cure those deficiencies. Gibson now appeals. We affirm the decision of the district court.

FACTUAL AND PROCEDURAL HISTORY

In January 2023, Corporal Henley, a corrections officer at HCF, conducted a shakedown of Gibson's bunk. A report from the shakedown indicated that while Henley found no contraband in Gibson's locker or bed, he discovered a bag roughly the size of half a ping pong ball containing a white crystalline substance in a sock pulled over one of the legs of "the" chair. The report further indicated that the incident occurred in a "common area." Henley photographed the contraband and submitted it to the prison evidence unit.

Gibson was charged with possession of dangerous contraband under K.A.R. 44-12-901, a class I violation. Later that month, a disciplinary officer for HCF held a disciplinary hearing in which Gibson pleaded not guilty to the charges.

At the hearing, Henley testified that he had searched Gibson's bunk at the direction of Master Sergeant Nunez who had received orders to execute the search from the Enforcement, Apprehension, and Investigation (EAI) Unit. Henley further testified that Gibson was on his bunk at the time they arrived to search the area and no property "'that was obvious'" was on or hanging off the chair at that time.

EAI Special Investigator Pettijohn was sworn in as a witness at which time he provided a photograph of the evidence and indicated the substance had tested positive for methamphetamines and fentanyl. He further testified that EIA had ordered the search of

2

Gibson's bunk based on classified intelligence indicating that Gibson possessed contraband.

Gibson did not request staff assistance during the hearing and waived his right to question Pettijohn. Further, Gibson stated that he had just moved into that unit in December 2022, denied that the contraband was his, and argued that the investigators "'probably put that there'" because they did not like Gibson and wanted to get him "'in trouble'" because none of them "like[d]" him.

The hearing officer found that Gibson possessed the contraband by a preponderance of the evidence. The hearing officer based their findings, in part, on the testimony of Pettijohn that "they had information that Gibson had contraband in his bunk, and the contraband was found in the chair next to his bed while he was in his bunk." The hearing officer imposed 15 days of segregation, 30 days of restrictions, and a $10 fine. On the form for "Staff Assistance," the hearing officer noted that Gibson was not in need of staff assistance under K.A.R. 44-13-408, which would include instances where "[t]here will be testimony or other evidence given either directly or indirectly, by a confidential informant or witness." The form was dated January 20, 2023. The prison warden approved the hearing officer's disposition.

In early February 2023, Gibson filed an administrative appeal with the Secretary of Corrections who found that the hearing officer's decision was based on some evidence and that the hearing process substantially complied with departmental and facility standards and procedures. In March 2023, Gibson filed a petition for a writ of habeas corpus pursuant to K.S.A. 2022 Supp. 60-1501 in Reno County District Court.

In his petition, Gibson acknowledged that he exhausted his administrative remedies by filing an appeal to the Secretary of Corrections or other Kansas Department of Corrections (KDOC) final reviewing authority, which was denied on February 24,

3

2023. Gibson noted Henley's observation that he found the contraband in a "'common area.'" Furthermore, Gibson argued that because his dorm was a "minimum open dorm for eligible offenders," any one of the 256 inmates in the unit could have possessed the contraband. Gibson noted that although both he and his bunkmate were subject to disciplinary reports, only Gibson was found guilty. Gibson argued that his due process and equal protection rights had been violated and asked the district court to remove the disciplinary action from his record and place him back in his unit.

In May 2023, counsel for HCF filed a response and motion to dismiss. HCF conceded that Gibson had a liberty interest in jeopardy with his disposition but argued that "some evidence" supported the hearing officer's disposition. HCF noted that actual possession of the contraband was not necessary and instead, Gibson's constructive possession of the contraband was sufficient for the hearing officer to find Gibson guilty by a preponderance of the evidence. The district court then set the case on the docket for later that month.

Gibson filed an amended petition in which he included more detailed facts surrounding his case. He also argued that HCF had failed to follow proper procedure when it utilized information from a confidential information as grounds to search his bunk area. He further asserted that if HCF had followed the proper procedure and notified him of the confidential informant, he would have requested staff assistance, put on an actual defense including questions to witnesses and the production of surveillance tape from the time of the search, and asked the hearing officer to conduct a witness credibility assessment. Gibson also filed a response to HCF's motion to dismiss.

In mid-July 2023, Gibson filed a motion for judgment on the pleadings, arguing HCF had failed to file a response to his amended petition within the timeframe set by statute. Counsel for HCF filed a supplemental response, motion to strike petitioner's amended petition, and a renewed motion to dismiss several days later.

HCF argued in its filing that Gibson had not received proper authorization to file an amended petition and as such, asked the district court to strike both the amended petition and motion for judgment on the pleadings for failing to comply with the process for a habeas proceeding outlined in K.S.A. 2022 Supp. 60-1501 through 60-1506. Additionally, HCF noted that it had offered a remand of Gibson's case to the disciplinary officer for further proceedings that complied with the administrative regulations concerning confidential informants. HCF indicated that Gibson ultimately declined this offer at which time he filed his motion for judgment on the pleadings.

The district court held a hearing on July 19, 2023. At the hearing, counsel for HCF asked the district court to remand the case to the hearing officer to determine the reliability of the confidential informant and appoint staff assistance to represent Gibson. Gibson argued HCF was asking for another chance to find him guilty and such a request was impermissible. He further asked the district court to put any determination remanding the proceedings in writing.

The district court explained to Gibson that remanding the case would not give HCF another chance at proving his guilt but would instead allow them the opportunity to correct the error that Gibson had alleged in his amended petition. The district court then verbally remanded the case for the hearing officer to determine the reliability of the confidential informant.

But that remand never occurred. Between July 19, 2023, and September 20, 2023, both parties continued to submit filings. On September 20, 2023, the parties were back in court, arguing about what language should be in the July 19, 2023, journal entry. The journal entry from the July 19 hearing was filed later that day, in which the district court addressed the remand and granted HCF's motion to strike Gibson's amended petition and motion on the pleadings.

After extended discussions on September 20, 2023, the district court continued the matter pending appointment of counsel for Gibson. It did so to give Gibson an opportunity to discuss with counsel whether he preferred the district court to remand the case to the hearing officer for a credibility determination on the confidential informant or if he would rather the district court make a final determination on the matter based on the pleadings and record before it.

After multiple continuances, the matter came before the district court again in January 2024. The district court asked Gibson directly whether he wanted his case remanded back to the hearing officer or if he preferred the district court to rule on whether HCF had substantially complied with its procedures and whether there was some evidence to support the findings of the disciplinary officer at Gibson's hearing. Gibson indicated he preferred the district court to proceed to make findings.

The district court found substantial compliance with KDOC procedures regarding the hearing except for establishing the reliability of the confidential informant. To the extent that the hearing officer did not properly follow procedure, the district court found that there was no harm to Gibson because he elected not to provide HCF an opportunity to cure this error. It also found that some evidence existed to support the hearing officer's disposition of Gibson's case. The district court therefore denied Gibson's petition for relief.

Gibson now appeals.

DISCUSSION

*The district court did not err by denying Gibson's K.S.A. 60-1501 petition because Gibson has failed to allege shocking and intolerable conduct or continuing mistreatment of a constitutional stature.*

Gibson alleges that several errors during his disciplinary hearing denied him due process. First, he contends that he was not provided adequate notice to prepare a defense and cross-examine witnesses. Gibson maintains this lack of notice hinges on HCF's decision not to inform him of the use of a confidential informant in his case. He further argues the hearing officer failed to comply with regulations to establish the credibility of the confidential informant used by HCF staff as justification to search his bunk. Gibson argues that these errors prevented him from making a knowing and informed decision to request staff assistance, culminating in an unfair hearing.

HCF counters by noting that prison officials are granted broad discretion in administering a penal facility, which includes conducting disciplinary hearings. It also argues that Gibson was properly advised of the allegations against him and his accusations of due process violations stem from his displeasure with the outcome of his disciplinary hearing. HCF maintains that for these reasons, Gibson has failed to carry his burden of proving his constitutional rights were violated and thus, this court should affirm the district court's denial of his K.S.A. 60-1501 petition.

*Standard of Review*

To state a claim for relief under K.S.A. 60-1501 and avoid summary dismissal, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). "[I]f it is apparent from the petition and attached exhibits that the petitioner is entitled to no relief, then no cause for granting a writ exists and the court must dismiss the petition."

*Denney v. Norwood*, 315 Kan. 163, 173, 505 P.3d 730 (2022); see K.S.A. 2022 Supp. 60-1503(a). An appellate court exercises de novo review of a summary dismissal. *Denney*, 315 Kan. at 175. Courts considering a request for summary dismissal "must accept the facts alleged by the inmate as true." *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005).

Because this court may generally not review disciplinary decisions concerning inmates in the custody of the State, an inmate appealing the denial of their K.S.A. 60-1501 petition must demonstrate a constitutional violation to obtain relief. K.S.A. 77-603(c)(2) (exempting discipline of persons in the custody of the Secretary of Corrections from the Kansas Judicial Review Act, K.S.A. 77-601 et seq.). The question of whether an individual's constitutional rights have been violated is a question of law over which an appellate court's review is unlimited. *McComb v. State*, 32 Kan. App. 2d 1037, 1041, 94 P.3d 715 (2004) (citing *Hearst v. State*, 30 Kan. App. 2d 1052, 1055-56, 54 P.3d 518 [2002]; *Gillespie v. Seymour*, 250 Kan. 123, 129, 823 P.2d 782 [1991]). Thus, when an inmate alleges a violation of their due process rights under the Fourteenth Amendment to the United States Constitution, this court's review is unlimited. *Washington v. Roberts*, 37 Kan. App. 2d 237, 240, 152 P.3d 660 (2007). The inmate alleging a violation bears the burden of proving the State infringed upon their constitutional rights in a habeas proceeding. *Sammons v. Simmons*, 267 Kan. 155, 158, 976 P.2d 505 (1999).

*Analysis*

Establishing a claim for a violation of due process in a K.S.A. 60-1501 proceeding is a two-step inquiry. *Hogue*, 279 Kan. at 850. First, an inmate must establish a deprivation of a recognized liberty or property interest. *Hogue*, 279 Kan. at 850-51. Because Gibson was fined $10, counsel for HCF concedes this court may consider his due process challenge. See *Stano v. Pryor*, 52 Kan. App. 2d 679, 682, 372 P.3d 427 (2016) ($10 fine sufficient to establish due process claim).

8

Second, this court will consider the nature and extent of the process which was due to Gibson. See *Amos v. Nelson*, 260 Kan. 652, 663-64, 923 P.2d 1014 (1996). Inmates are not entitled to every right available to a criminal defendant; instead, prison officials must meet minimum due process requirements. That includes written notice of the charges against the inmate which allows them to prepare a defense, the opportunity to call witnesses and present evidence, an impartial hearing, and a written statement from the hearing officer outlining their findings from the hearing and the reasoning for those findings. *In re Habeas Corpus Application of Pierpoint*, 271 Kan. 620, 627, 24 P.3d 128 (2001) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-66, 94 S. Ct. 2963, 41 L. Ed. 2d 935 [1974]).

Gibson argues that the errors he alleges implicated his right to written notice, his ability to prepare a defense and call witnesses, and his right to a fair hearing. We first consider Gibson's arguments that he was denied adequate notice of the charges against him which in turn prevented him from requesting staff assistance. Next, we will consider his argument that improper use of a confidential informant prevented him from presenting a defense and calling witnesses, thus culminating in an unfair hearing.

*HCF provided Gibson adequate notice of the charges against him. Furthermore, the inability to access staff assistance in a disciplinary hearing is not a violation of due process.*

There are certain requirements for the contents of a disciplinary report under K.A.R. 44-13-201(d). The report must generally constitute a "formal statement of the charge" and include information such as the party involved, date and time of the alleged offense and report, the nature of the alleged offense, information concerning the regulation violated, the names of known staff witnesses, etc. Under K.A.R. 44-13-201(d)(10), in cases that rely on information supplied by a confidential witness or informant, if neither the identity, nor details that would likely reveal the identity of the

9

witness or informant are given, the report must include a brief description of the circumstances and facts of the violation.

For disciplinary actions stemming from information provided by a confidential informant, K.A.R. 44-13-403(m) governs. As it pertains to an inmate receiving proper notice of the charges against them, K.A.R. 44-13-403(m)(4) requires prison officials to apprise an inmate "of the general nature of the confidential testimony." Even minimal statements such as references to gathered intelligence satisfy this standard. *Wright v. State*, No. 90,630, 2004 WL 794486, at *4 (Kan. App. 2004) (unpublished opinion). Furthermore, even if an inmate should have been provided more details about the allegations made by a confidential informant against them, that alone does not establish a violation of their constitutional rights. See *Wright*, 2004 WL 794486, at *4.

Use by prison officials of a confidential informant also triggers K.A.R. 44-13-408(a). Under this regulation, if a hearing officer finds that certain conditions are met, the hearing officer "shall appoint a staff member from an approved list to act as staff assistant to aid the inmate at the disciplinary hearing and to question relevant witnesses." K.A.R. 44-13-408(a). One of the six conditions requiring appointment of staff assistance includes when "[t]estimony or other evidence will be given, either directly or indirectly, by a confidential inmate informant or witness." K.A.R. 44-13-408(a)(4).

Gibson cites to multiple cases to support his contention that the notice HCF provided to him did not comply with KDOC regulations and further, that this prejudiced his ability to request staff assistance. He first points to *Leek v. Werholtz*, No. 97,498, 2007 WL 2377284, at *1 (Kan. App. 2007) (unpublished opinion), which concerned a prison disciplinary proceeding over canteen items allegedly stolen from another inmate. In that case, this court remanded the inmate's K.S.A. 60-1501 petition back to the district court after holding that an accused inmate must be provided sufficient information to

10

prepare a defense including details such as the date and time the property was discovered missing or the general area where the property was taken. 2007 WL 2377284, at *3.

Gibson analogizes to *Leek* to argue that in this case, HCF likewise excluded the nature of the confidential testimony from Gibson's report including the date, time, and location of contraband. But Gibson's report did include this information. Thus, *Leek* is too factually dissimilar to Gibson's case to provide guidance to this court.

Gibson also cites *Starr v. Bruce*, 35 Kan. App. 2d 11, 13-14, 129 P.3d 583 (2005), to support his proposition that treatment of a confidential informant is different than that of a jailhouse interview with a recent parolee. But despite drawing this distinction, Gibson does not cite to any caselaw to propose how this court should address the specific facts of Gibson's case.

Gibson additionally directs this court to *Kinney v. Heimgartner*, No. 113,074, 2015 WL 8589867, at *6 (Kan. App. 2015) (unpublished opinion). In that case, this court held that a hearing officer did not violate an inmate's due process rights by failing to appoint staff assistance under K.A.R. 44-13-408(a) because the record in that case did not show that evidence against the inmate included testimony from a confidential informant or witness, a necessary requirement to trigger the regulation. *Kinney*, 2015 WL 8589867, at *6-7. Gibson argues the opposite is true in his case where officers confirmed involvement of a confidential informant and yet did not disclose this to Gibson or provide him staff assistance as required under the regulation.

Gibson cannot meet his burden to demonstrate a violation of due process as it pertains to his allegations of inadequate notice. Gibson's disciplinary report detailed the general nature of the charges against him including the "Date of Alleged Violation," the "Time," and a description that "[o]n the above mentioned time and date" Henley "conducted a shakedown on Bunk #15" and found dangerous contraband. A disciplinary

11

report that concisely summarizes facts alleged by a prison officer in support of disciplinary charges provides adequate notice of the nature of those charges for the inmate to prepare a defense. See *Swafford v. McKune*, 46 Kan. App. 2d 325, 329, 263 P.3d 791 (2011).

Gibson is correct in noting the hearing officer erred by failing to provide staff assistance in accordance with K.A.R. 44-13-408. But this court had previously found that United States Supreme Court precedent in *Wolff*, 418 U.S. at 569-70, and *Baxter v. Palmigiano*, 425 U.S. 308, 309, 96 S. Ct. 1551, 47 L. Ed. 2d 810 (1976), explicitly rejected a due process right to either retained or appointed counsel for inmates in a disciplinary proceeding. *Dawson v. Bruce*, 36 Kan. App. 2d 221, 225, 138 P.3d 1234 (2006)*.* This court further noted that mandatory staff assistance only existed "if the inmate is illiterate or the complexity of the issues makes it unlikely that the inmate will be able to collect and present evidence necessary for an adequate comprehension of the case." 36 Kan. App. 2d at 225 (citing *Wolff*, 418 U.S. at 570).

For these reasons, HCF did not violate Gibson's due process right to notice. Although KDOC regulations require appointment of staff assistance in instances when prison officials rely on confidential informants, the failure to appoint assistance does not violate due process given that inmates are not entitled to counsel.

Furthermore, this court further held in *Anderson v. McKune*, 23 Kan. App. 2d 803, 811, 937 P.2d 16 (1997), "[t]he mere fact that a hearing officer in a prison discipline case has not followed DOC procedural regulations does not of itself violate fundamental fairness that rises to an unconstitutional level. Without much more, a petition for habeas corpus alleging procedural errors at a prison disciplinary hearing must fail." See also *Leek v. Brown*, 62 Kan. App. 2d 599, 605-06, 518 P.3d 1257 (2022) (hearing officer's failure to comply with prison's procedural regulation does not necessarily establish due process violation). Therefore, even though KDOC regulations require staff assistance,

HCF's failure to comply with these regulations is not enough to establish a due process violation.

*Regardless of whether the hearing officer violated Gibson's due process rights by failing to determine the credibility of the confidential information, Gibson was not prejudiced by this error because he elected to not have the procedural deficiency cured.*

We consider next Gibson's argument that the hearing officer's failure to assess the credibility of the confidential informant violated his due process rights to present a defense as well as his right to an impartial hearing. Testimony of confidential informants cannot be given any weight absent a "determination made by the prison staff that indicated that the informant was reliable." *Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987). Federal courts considering the issue have determined that reliability must be established by "some evidence" with courts exercising deferential review for any reliability determination. *Taylor v. Wallace*, 931 F.2d 698, 701 (10th Cir. 1991).

A court may determine a hearing officer implicitly adopted a credibility determination made by a prison investigator if the facts demonstrate inherent reliability. 931 F.2d at 702. Other reasonable methods for establishing credibility are also acceptable including:

> "'(1) the oath of the investigating officer as to the truth of his report containing confidential information and his appearance before the disciplinary committee; (2) corroborating testimony; (3) a statement on the record by the chairman of the disciplinary committee that, "he had firsthand knowledge of the sources of information and considered them reliable on the basis of 'their past record of reliability,'"; or (4) *in camera* review of material documenting the investigator's assessment of the credibility of the confidential informant.'" 931 F.2d at 701 (quoting *Mendoza v. Miller*, 779 F.2d 1287, 1293 (7th Cir. 1985).

These principles have seemingly been adopted by Kansas administrative regulations. K.A.R. 44-13-403(m) sets forth various procedures for ensuring the credibility of a witness or confidential informant if information from that individual is used in a disciplinary hearing. If a hearing officer determines that an individual's testimony will make them subject to retaliation, however, K.A.R. 44-13-403(m)(1)(B) allows the officer to receive testimony from an investigator who interviewed the informant and relied on the confidential information instead of requiring the informant to testify. Similarly, under K.A.R. 44-13-403(m)(3)(B) a hearing officer may establish the reliability of the information a confidential informant provides through "the testimony of the investigator regarding the truthfulness of details that the investigator has been able to verify through investigation."

Here, the confidential informant did not testify and instead, Pettijohn testified to the confidential nature of the information that led to the discovery of the contraband. The hearing officer noted this testimony in the disposition of the case by writing "Pettijohn testified they had information that Gibson had contraband in his bunk, and the contraband was found in the chair next to his bed while he was in his bunk." The hearing officer provided no information regarding any assessment of the informant's credibility, nor did Pettijohn provide any details regarding the intelligence. The discovery of the drugs on the chair next to Gibson's bunk, however, indicated the informant was reliable.

The district court determined the hearing officer failed to establish the credibility of the informant. It then offered to send Gibson's case back to HCF officials to properly assess the informant's credibility.

Even if the hearing officer did not properly assess the credibility of the informant, Gibson was not prejudiced by this error. Although there appears to be no Kansas caselaw directly on point, there is still support for the district court's actions. This court has previously held that when an inmate knows of a due process violation and allows a

14

disciplinary proceeding to move forward without raising the issue, the inmate cannot later take advantage of that error in a K.S.A. 60-1501 proceeding. *Cole v. Nelson*, No. 83,792, 2000 WL 36746504, at *1 (Kan. App. 2000) (unpublished opinion). The Tenth Circuit has also stated in dicta that a procedural due process violation caused by failure to verify the credibility of a confidential informant in a disciplinary proceeding can be cured by supplemental submissions by prison officials. *Taylor*, 931 F.2d at 702.

And by Gibson's own account, he has not demonstrated that he was prejudiced by the district court's suggestion that the procedural deficiency in verifying the informant's credibility be cured. He argues the content of the disciplinary report was void of information regarding the existence of the confidential informant, and that lack of information prejudiced him by "not knowing to seek the appointment of staff assistance to be present during the investigation and questioning of the confidential witness, and to ask any questions of the officers Pettijohn and Nunez to establish a defense, such as where the alleged contraband was observed and the date and time."

As already discussed, Gibson does not have a right to staff assistance during a disciplinary proceeding. Furthermore, his disciplinary report provided him with proper notice of when and where the contraband was located. Lastly, although Gibson argues he was unable to cross-examine witnesses, no such constitutional right exists for prisoners. See *Wolff*, 418 U.S. at 567-68; *Leek*, 62 Kan. App. 2d at 611. Thus, even if the hearing officer failed to properly determine the credibility of the confidential informant at his disciplinary proceeding, Gibson has failed to carry his burden to establish any reversible error.

*Gibson's challenge to the sufficiency of the evidence in his disciplinary hearing fails because the hearing officer's determination that Gibson possessed dangerous contraband was supported by some evidence.*

Gibson's final argument is that there was insufficient evidence to support a finding of guilt in his disciplinary proceeding. When considering a sufficiency of the evidence challenge in a disciplinary proceeding, the requirements of due process are satisfied if some evidence supports the decision of the hearing officer. In determining whether this standard is satisfied, this court need not examine the entire record, independently assess the credibility of witnesses, or weigh the evidence. Instead, this court must consider whether there is any evidence in the record that could support the hearing officer's conclusions. *Sammons*, 267 Kan. at 158. Due process does not require that the evidence preclude other possible outcomes, only that the evidence supports the conclusion reached by the disciplinary authority. *May v. Cline*, 304 Kan. 671, Syl. ¶ 1, 372 P.3d 1242 (2016).

Gibson claims the evidence presented at his disciplinary hearing was insufficient to support any sanctions against him in the absence of the confidential informant's testimony. He maintains the drugs HCF found on the chair could not be attributed to him more than "to any of the other 100 or more inmates who had unfettered access to the chair."

Gibson directs this court to *Brouillard v. Warden, El Dorado Correctional Facility*, No. 106,965, 2012 WL 4679923, at *3 (Kan. App. 2012) (unpublished opinion), to argue the location of the contraband precludes a finding of some evidence. In *Brouillard*, prison officials conducted a shakedown of an inmate work area at a manufacturing company. Corrections officers found pornography on computer disks seized from the work area, betting slips in the common area, and templates for betting slips on the computer. The only evidence tying the inmate to this contraband was that he had a password to access the computer.

16

This court found that other inmates used the same computer daily and the evidence presented at the hearing could not attribute the contraband to any specific inmate. 2012 WL 4679923, at *3. It therefore reversed the district court's denial of the inmate's K.S.A. 60-1501 petition and vacated the punishments imposed against him. 2012 WL 4679923, at *4.

Gibson's case can be distinguished from the facts of *Brouillard*. Whereas the inmate in that case was only tied to the contraband given his position working in the area and his ability to access the computer, the contraband found in Gibson's case was located on a chair right next to Gibson's bunk.

Although Gibson was not exercising control over the contraband at the time of the search, its physical proximity to Gibson is different than the circumstances presented in *Brouillard.* And as counsel for HCF notes, this court has routinely found that some evidence supported the disposition of a disciplinary hearing despite contraband not being under an inmate's exclusive control. See, e.g., *Calhoun v. Secretary of Corrections*, No. 111,977, 2015 WL 1310962, at *3-4 (Kan. App. 2015) (unpublished opinion) (mere fact others may have had access to area containing contraband does not render hearing officer's decision to impose sanction on inmate devoid of evidentiary support when contraband was in inmate's sphere of control); *Shirazi v. Cline*, No. 113,408, 2015 WL 6457830, at *2 (Kan. App. 2015) (unpublished opinion) (some evidence to support disciplinary sanction against inmate after contraband found under desk in living area shared with other inmates).

Absent any information improperly relayed by a confidential informant, there is some evidence to support Gibson's sanction. HCF staff found a sock containing drugs on the leg of a chair next to Gibson's bunk where Gibson was lying at the time of the search. Therefore, the district court did not err by upholding the hearing officer's findings.

17

*Conclusion*

Gibson has failed to meet his burden to establish shocking or intolerable conduct of an unconstitutional nature. Gibson received adequate notice of the charges against him and investigators testified to the general nature of the intel provided by the confidential informant. Similarly, although HCF should have appointed staff assistance during his disciplinary proceeding under KDOC regulations, a failure to appoint counsel here does not implicate due process. As to his allegations concerning the confidential informant's reliability, regardless of whether the hearing officer failed to properly assess the confidential informant's reliability, Gibson refused to allow HCF the chance to cure the deficiency. Further, he was not prejudiced by the error. For Gibson's challenge to the sufficiency of the evidence against him, there is some evidence that supports the hearing officer's disposition against Gibson absent any testimony that confirmed Gibson's possession of contraband through the confidential informant. Therefore, the district court did not err by denying Gibson's K.S.A. 60-1501 petition and this court now affirms.

Affirmed.