No. 112,013

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

FREDDIE HOOKS, SR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

SYLLABUS BY THE COURT

1.

Although the district court has the primary duty to provide adequate findings of fact and conclusions of law on the record of its decision on contested matters, a party's failure to object to this inadequacy may result in a failure to preserve the issue for appeal.

2.

An appellate court reviews a district court's decision on a K.S.A. 60-1501 petition to determine whether the district court's factual findings are supported by substantial competent evidence and are sufficient to support the court's conclusions of law. The district court's conclusions of law are subject to de novo review, and the interpretation of statutes is a question of law that is subject to unlimited review.

3.

A defendant is not entitled to jail time credit toward a sentence when the time at issue was spent serving a sentence in an unrelated case.

4.

        If a person is sentenced to prison for a crime committed on or after July 1, 1993, while on parole for a crime committed prior to July 1, 1993, the new sentence shall not be aggregated with the old sentence but shall begin when the person is paroled on the old sentence.

5.

        Calculation of release dates is the responsibility of the Kansas Department of Corrections.

6.

        The Kansas Department of Corrections has authority to interpret court documents for purposes of executing the sentence and calculating a release date consistent with the applicable statutes and administrative regulations.

7.

        If correction of a journal entry is necessary, the Kansas Department of Corrections shall refer the matter to the sentencing court and notify either the county or district attorney and the defense attorney.

Appeal from Ellsworth District Court; RON SVATY, judge. Opinion filed May 1, 2015. Affirmed.

*Donald E. Anderson II*, of Robert A. Anderson Law Office, of Ellinwood, for appellant.

*Robert E. Wasinger*, of Kansas Department of Corrections, for appellee.

Before STANDRIDGE, P.J., GREEN, J., and JOHNSON, S.J.

STANDRIDGE, J.: Freddie Hooks, Sr., appeals from the district court's order denying his petition for a writ of habeas corpus pursuant to K.S.A. 60-1501. Hooks

2

argues that the Kansas Department of Corrections (KDOC) applied 208 days of jail credit ordered by the court to the wrong sentence.

FACTS

In 1979, Hooks was convicted of second-degree murder and received an indeterminate sentence of 7 1/2 years to life. While on parole in 1990, he was convicted of criminal threat in a new case and sentenced to 1 to 5 years' imprisonment, resulting in an aggregate indeterminate sentence of 8 1/2 years to life. See *Hooks v. Roberts*, No. 95,236, 2006 WL 1380756, at *1 (Kan. App.) (unpublished opinion), *rev. denied* 282 Kan. 789 (2006).

On May 12, 2010, the KDOC revoked Hooks' parole and placed him in KDOC custody at the El Dorado Correctional Facility (EDCF). On or around this same time, Hooks was charged with possession of cocaine in Sedgwick County District Court case No. 10-CR-1650. After entering a plea of no contest to the charge, Hooks was sentenced to 20 months in prison. In the journal entry of judgment, the sentencing court noted that Hooks had accrued 208 days of jail credit.

On July 31, 2012, Hooks was paroled from his indeterminate life sentence in order to begin serving his 20-month prison sentence for the 2010 conviction. Hooks asked the KDOC to apply his 208 days of jail credit to the 20-month sentence. The KDOC refused, stating it already had taken the 208 days of jail credit into account when computing his July 31, 2012, parole date from the indeterminate sentence.

On March 11, 2013, Hooks filed a pro se K.S.A. 60-1501 petition in the district court alleging he was entitled to 208 days of jail credit against the 20-month sentence he received in case No. 10-CR-1650. The district court appointed counsel and ordered the State to file a response to Hooks' petition. The State answered, alleging that Hooks'

petition should be dismissed for failure to provide proof of exhaustion of his administrative remedies. After the parties presented arguments at a November 27, 2013, hearing, the district court denied Hooks' petition. The court did not address the State's exhaustion argument but simply ruled that the KDOC correctly computed Hooks' sentence.

ANALYSIS

*Exhaustion of administrative remedies*

On appeal, the State argues Hooks' petition should have been summarily dismissed by the district court because Hooks failed to prove he exhausted his administrative remedies before bringing this action as required by statute.

The district court has the primary duty to provide adequate findings of fact and conclusions of law on the record of its decision on contested matters. Supreme Court Rule 165 (2014 Kan. Ct. R. Annot. 272). A party, however, must object to inadequate findings of fact and conclusions of law to preserve an issue for appeal. Such objections are necessary to provide the district court an opportunity to correct any alleged inadequacies. *Fischer v. State*, 296 Kan. 808, 825, 295 P.3d 560 (2013). Because the State failed to object to the district court's failure to make findings of fact and conclusions of law with respect to the State's exhaustion argument, this issue is not properly preserved for appeal.

*Jail credit*

Hooks contends the district court erred in finding that the KDOC properly applied 208 days of jail credit against his indeterminate life sentence instead of against his 20-month sentence. Hooks claims the district court's action in upholding the KDOC's

4

decision to apply the jail credit against his indeterminate sentence ignores the sentencing court's notation in the journal entry to apply the jail credit against his 20-month sentence.

We note, as a preliminary matter, that Hooks was released from Sedgwick County to postrelease supervision on December 6, 2013. Although Hooks is no longer incarcerated, the parties agree that his appeal is not moot because the jail credit issue presented could arise again should Hooks face incarceration in the future for committing a crime while on postrelease supervision.

An appellate court reviews a district court's decision on a K.S.A. 60-1501 petition to determine whether the district court's factual findings are supported by substantial competent evidence and are sufficient to support the court's conclusions of law. The district court's conclusions of law are subject to de novo review. *Rice v. State*, 278 Kan. 309, 320, 95 P.3d 994 (2004). Particularly relevant here, the interpretation of statutes is a question of law that is subject to unlimited review. See *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12, *cert. denied* 135 S. Ct. 91 (2014).

We begin our analysis by noting that our review of the district court's decision in this case is challenging in a variety of ways. First, the record does not contain the journal entry of sentencing from the underlying case, 10-CR-1650. According to the parties, the sentencing court noted in this journal entry that the jail credit in this case amounted to 208 days. And, although the parties agree that the KDOC gave Hooks credit for these 208 days in calculating his parole date for the indeterminate life sentence, the record does not contain any documentation to support this assertion. Finally, the district court's journal entry denying Hooks' K.S.A. 60-1501 petition failed to set forth specific findings of fact and conclusions of law on the jail credit issue. Instead, the district court simply concluded:  "Substantively, the KDOC has correctly computed the Petitioner's sentence."

5

Although in some cases the deficiencies described above would preclude us from conducting a meaningful review of the district court's decision, it does not do so here because the parties agree on all of the facts relevant to deciding whether Hooks was entitled to 208 days of jail credit against the 20-month sentence imposed in 10-CR-1650.

Two statutes are relevant to our review of the court's decision. The first statute is K.S.A. 2014 Supp. 21-6615(a), which requires the sentencing court to provide a credit for any time the defendant spent incarcerated pending disposition of the defendant's case. With that said, a defendant is entitled to this credit for time spent in custody only when he or she is being held *solely* on the charge for which the defendant is being sentenced. *State v. Denney*, 278 Kan. 643, 648, 101 P.3d 1257 (2004).

The second statute relevant to our analysis is K.S.A. 2014 Supp. 22-3717(f), which applies when the sentencing court imposes a new sentence under the post-1993 sentencing guidelines to a defendant, like Hooks, who is still subject to a pre-1993 indeterminate sentence:

> "If a person is sentenced to prison for a crime committed on or after July 1, 1993, while on . . . parole . . . for a crime committed prior to July 1, 1993 . . . , the new sentence shall not be aggregated with the old sentence, but shall begin when the person is paroled . . . on the old sentence."

Turning now to the relevant facts, the record reflects that Hooks was taken into custody on May 12, 2010, when the KDOC revoked his parole from the indeterminate sentence imposed for the crimes he committed prior to July 1, 1993. He was transferred to the Sedgwick County Jail on May 24, 2010. According to documents in the record, this transfer was carried out to make Hooks accessible for court appearances related to the newly filed criminal charge of possessing cocaine lodged against him. Hooks ultimately entered a plea of no contest to the charge, and, on December 16, 2010, the court

6

sentenced him to 20 months in prison. In the journal entry of judgment for this conviction, the sentencing court purportedly calculated jail credit at 208 days. This calculation appears to have been based on the number of days Hooks was housed in the Sedgwick County Jail up to and including December 16, 2010, the day he was sentenced. Although Hooks remained housed at the Sedgwick County Jail until April 18, 2011, before being transferred back to EDCF, those days appear not to have been included in the court's calculation of jail credit.

Having set forth the relevant facts and the applicable law, we now turn to the issue presented on appeal: whether Hooks is entitled to receive 208 days of jail credit against the 20-month sentence he received in case No. 10-CR-1650. We conclude that he is not. In Kansas, a defendant is not entitled to jail time credit toward a sentence when the time at issue was spent serving a sentence in an unrelated case. *Denney*, 278 Kan. at 648. Hooks was returned to KDOC custody upon a violation and subsequent revocation of his parole status. As this court explained in *McGann v. McKune*, 21 Kan. App. 2d 798, 801, 911 P.2d 811 (1995):

> "A parolee has been allowed to leave the confines of prison prior to the total time he or she was sentenced to serve. While out on parole, the parolee is subject to serving out the remainder of his or her prison sentence upon a violation and subsequent revocation of parole status."

Thus, albeit at a different facility, Hooks was still serving his parole revocation sentence during the entire time he was held in the Sedgwick County Jail. That it was the parole revocation sentence that he was serving while in the Sedgwick County Jail is further supported by K.S.A. 2014 Supp. 22-3717(f), which precludes the sentencing court from aggregating the post-1993 guidelines sentence (20 months) with the pending pre-1993 indeterminate sentence (8 1/2 years to life). This statute also requires that a prisoner

7

be paroled from the pre-1993 indeterminate sentence before he or she can begin serving the new guidelines sentence.

The calculation of release dates is the responsibility of the KDOC. K.S.A. 2014 Supp. 21-6606; K.A.R. 44-6-135 (2014 Supp.); K.A.R. 44-6-135a (2014 Supp.). See *McKinney v. State*, 27 Kan. App. 2d 803, Syl. ¶1, 9 P.3d 600 (2000). And Hooks readily acknowledges in his brief that the KDOC did not parole him from his indeterminate sentence to his 20-month determinate sentence until July 31, 2012. Simply put, Hooks is not entitled to jail time credit against the 20-month sentence he received in 2010 because the 208 days at issue was spent serving his indeterminate life sentence upon violation and subsequent revocation of his parole status in a case unrelated to the 2010 sentence.

But Hooks claims the conclusion we reach today improperly disregards the sentencing court's order to apply the jail credit against his 20-month sentence. We disagree. Again, we note the parties did not include the 2010 journal entry in the record so we have no way of knowing whether the court in its journal entry ordered the 208 days be credited *specifically* against the 20-month sentence. But to the extent that it did so, the sentencing court erred. Notwithstanding this error, we find the district court properly upheld the KDOC's decision to apply 208 days of jail credit against Hooks' indeterminate sentence. This is because the KDOC has full authority to interpret court documents for purposes of executing the sentence and calculating a release date consistent with the applicable statutes and administrative regulations. See K.S.A. 2014 Supp. 21-6606 (calculating credit for time spent in confinement); K.S.A. 2014 Supp. 22-3717 (rules governing parole); K.A.R. 44-6-106(a) (KDOC staff "shall have the authority to analyze and interpret the journal entry of judgment, the judgment form, and any other documents from the court to the extent necessary to execute the sentence and commitment"); K.A.R. 44-6-135a (2014 Supp.) (computing maximum sentence credit when consecutive sentences have been aggregated to previously imposed consecutive sentences); K.A.R. 44-6-135 (2014 Supp.) (computing prison service credit).

Although we find no legal error by the district court in upholding the KDOC's decision to apply 208 days of jail credit against Hooks' indeterminate sentence, we do agree that the better practice would have been for the KDOC to refer the matter to the sentencing court when it discovered that correction of the journal entry was necessary with respect to the application of jail time credit. K.A.R. 44-6-106(c) ("If correction of a journal entry is necessary, the [KDOC] shall refer the matter to the sentencing court and notify either the county or district attorney and the defense attorney."). Nevertheless, the district court properly denied Hooks' K.S.A. 60-1501 petition because he was not legally entitled to jail credit in case No. 10-CR-1650.

Affirmed.