NOT DESIGNATED FOR PUBLICATION

No. 116,317

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MY NGUYEN,
*Appellant*,

v.

REX PRYOR, Warden, *et al*.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed April 28, 2017. Affirmed.

*My Nguyen*, appellant pro se.

*Rhonda K. Levinson*, of Perry and Trent, L.L.C., of Bonner Springs, for appellant.

*Sherri Price*, special assistant attorney general, of Lansing Correctional Facility, for appellees.

Before LEBEN, P.J., PIERRON and BRUNS, JJ.

*Per Curiam*:  My Nguyen appeals the district court's dismissal of his K.S.A. 2015 Supp. 60-1501 petition seeking habeas corpus relief from a prison sanction for theft of food tickets. On appeal, Nguyen contends that the district court erred by determining that his due process rights were not violated, that his equal protection rights were not violated, and that "some evidence" supported the decision of the disciplinary hearing officer. Because we find that some evidence supported the decisions of the disciplinary hearing officer and of the district court, we affirm.

1

FACTS

Nguyen was a prisoner at Lansing Correctional Facility. On August 5, 2015, the director of Brothers in Blue Reentry Program filed a disciplinary report against Nguyen. The program offers inmates the opportunity to purchase "Castle Cuisine Tickets" and exchange those tickets for food items. According to the disciplinary report, Nguyen received 181 food tickets without paying for them. The report further alleged that Nguyen had signed for and accepted the tickets.

It appears from a review of the record on appeal that Nguyen received a copy of the disciplinary report on August 7, 2015. At some point after he received the report, Nguyen evidently attempted to request the presence of certain witnesses at his discipline hearing. Nguyen dated four of the witness request forms August 11, 2015, and he failed to date the other two of the witness request forms. The prison stamped the witness request forms as received on August 12, 2015. The following day, the disciplinary hearing officer denied Nguyen's witness requests, because he submitted them more than 48 hours after he received the disciplinary report.

Inmate Chris Hansen signed a notarized affidavit on August 12, 2015, claiming that he was responsible for fraudulently obtaining the tickets. Specifically, Hansen claimed that he admitted to being the only one involved in acquiring extra tickets without paying for them. He also claimed that he used the names of other inmates, including Nguyen's name, in an attempt to cover his tracks.

Prior to his disciplinary hearing, Nguyen submitted a motion to dismiss to the warden of the prison. Nguyen argued that Hansen had admitted to forging the names of other inmates and that he had requested a handwriting expert in one of his witness request forms. However, the prison went forward with the disciplinary hearing as scheduled on August 13, 2015.

2

At his disciplinary hearing, Nguyen examined the program director who had filed the disciplinary report against him. The director testified that, although the tickets in question show Nguyen's name, he could not verify that Nguyen actually signed the cards. In addition, Nguyen testified on his own behalf. According to Nguyen, he did not obtain any unpaid food tickets and he never saw any extra tickets. At the conclusion of the hearing, the hearing officer found that Nguyen had stolen the food tickets and ordered him to repay $905 in restitution. As part of the investigation, the prison found 28 other inmates to have received food tickets without paying for them.

The prison warden approved the hearing officer's decision on August 17, 2015. The Secretary of Corrections subsequently upheld the decision on appeal. On October 9, 2015, Nguyen filed a K.S.A. 2015 Supp. 60-1501 petition, and the State filed an answer on December 18, 2015. A few weeks later, the State also filed a motion to dismiss.

On February 16, 2016, the district court held a joint hearing in several cases— including Nguyen's—arising out of the discipline imposed on the inmates who the prison found to have participated in the theft of the food tickets. It appears from the record that Nguyen was personally present at the hearing and represented by counsel. One of the other inmates testified about the food ticket purchasing system and about Chris Hansen's claim of responsibility. The attorney representing Nguyen and several of the other inmates advised the court that the evidence he would present would be the same in all of the cases.

On March 10, 2016, the district court denied Nguyen's 60-1501 petition and upheld the disciplinary officer's decision. The district court noted that this was a close case. Nevertheless, it found that there was some evidence that Nguyen stole the food tickets. In particular, there was evidence presented suggesting that during the relevant time period, Nguyen paid $10 each week for tickets but received $50 worth of tickets in return according to the receipts. The district court further found that Nguyen did not meet

3

his burden of proof on the due process or equal protection claims. Thereafter, Nguyen timely filed this appeal.

ANALYSIS

On appeal, Nguyen argues the district court erred by denying his K.S.A. 2015 Supp. 60-1501 petition. In addition to the brief prepared by his appointed counsel, we have also considered his pro se brief. In response, the State contends that the district court appropriately found that there was some evidence in the record to support the disciplinary hearing officer's decision and that the district court properly denied Nguyen's 60-1501 petition.

We review a district court's decision on a K.S.A. 60-1501 petition to determine whether substantial competent evidence supported the district court's factual findings and whether such findings are sufficient to support the court's conclusions of law. Our review of the district court's conclusions of law is unlimited. *Rice v. State*, 278 Kan. 309, 320, 95 P.3d 994 (2004); *Hooks v. State*, 51 Kan. App. 2d 527, 530, 349 P.3d 476 (2015). In the context of a prison disciplinary proceeding, due process is satisfied if there is "some evidence" that could support the conclusion reached by the hearing officer. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Superintendent v. Hill*, 472 U.S. 445, 455-56, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985); see *Sammons v. Simmons*, 267 Kan. 155, 158-59, 976 P.2d 505 (1999); *Anderson v. McKune*, 23 Kan. App. 2d 803, 807-08, 937 P.2d 16, *rev. denied* 262 Kan. 959, *cert. denied* 522 U.S. 958 (1997).

A review of the record on appeal reveals that Nguyen adopted the evidence presented by another party at the hearing held before the district court. Moreover, Nguyen's attorney, who represented multiple inmates making the same allegations,

4

presented argument to the court. Accordingly, we find that the district court provided Nguyen with an adequate opportunity to be heard on his 60-1501 petition.

Nevertheless, Nguyen alleges on appeal that the hearing officer violated his due process rights when the officer denied him the opportunity to present witnesses at the disciplinary hearing. He also alleges that the prison improperly denied his request to have a handwriting expert. Finally, he contends the hearing officer did not follow Kansas Department of Corrections policy for conducting a disciplinary hearing, though he neither cites to the specific regulation he claims the prison violated nor how the hearing officer violated the policy.

An inmate is entitled to request witnesses to testify on his or her behalf at a disciplinary proceeding pursuant to K.A.R. 44-13-101(c)(5). To request a witness, however, an inmate must submit an authorized form that indicates the expected testimony from each requested witness within 48 hours after being provided with a copy of the disciplinary report. K.A.R. 44-13-306. Even if a written request is timely filed, the hearing officer may grant or deny an inmate's request to call a witness after balancing the inmate's interests with the needs of the prison. See K.A.R. 44-13-307; K.A.R. 44-13-405a(a). It is within the hearing officer's "broad discretion" to permit or deny a witness request. K.A.R. 44-13-405a(b). But if the prison denied a request, the hearing officer must provide an explanation on the request form or at the disciplinary case record. K.A.R. 44-13-405a(e); see *Ponte v. Real*, 471 U.S. 491, 497, 105 S. Ct. 2192, 85 L. Ed. 2d 553 (1985).

Here, the district court applied the correct standard of review and did not err by rejecting Nguyen's due process claim relating to the witness request forms. A disciplinary hearing officer has the authority to deny an untimely witness request form. See *Kinney v. Heimgartner*, No. 113,074, 2015 WL 8589867, at *3 (Kan. App. 2015) (unpublished opinion). The record indicates that Nguyen received the disciplinary report on August 7,

5

2015. Nguyen dated four of his six witness request forms August 11, 2015, while he neither signed nor dated the others. Moreover, all of the requests have a stamped "filed" date of August 12, 2015. The hearing officer noted on the request forms that they were denied because Nguyen filed them "well after" the 48-hour filing deadline. We find that there is evidence in the record to support this finding and that the district court applied the relevant law in an appropriate manner.

We next turn to Nguyen's assertion that the hearing officer violated his due process rights by denying his request for a handwriting expert. Similar to his other witnesses, Nguyen requested a handwriting expert witness on August 11, 2015, which was more than 48 hours after he received the disciplinary report. Accordingly, we find that the hearing officer appropriately denied Nguyen's request and did not violate his due process rights.

Nguyen also argues that the State failed to follow its own discipline policies. However, this argument is deficient because he has failed to articulate a regulation or policy that he claims the prison violated. Nor does he specify how the prison allegedly violated the regulation or policy. An issue not briefed by the appellant is deemed waived or abandoned. See *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016). Likewise, a point raised incidentally in a brief and not argued is also deemed to be abandoned. See *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015). Moreover, failure to support a point with pertinent authority or otherwise show that it is sound is akin to failing to brief the issue. See *State v. Murray*, 302 Kan. 478, 486, 353 P.3d 1158 (2015).

In addition, Nguyen contends that the district court erred by not properly considering his equal protection argument. Specifically, Nguyen argues that the State punished him and other minority prisoners harsher than similarly situated Caucasian inmates. Once again, Nguyen fails to cite any authority to support this argument. Furthermore, we find nothing in the record on appeal to suggest disparate treatment. As

stated above, conclusory arguments unsupported by specific record cites or legal authority are deemed to be waived. See *Murray*, 302 Kan. at 486.

Finally, Nguyen challenges the district court's conclusion that there was sufficient evidence to support the disciplinary hearing officer's conclusions. A review of the record reveals that the program director testified about the ticket purchase program at Nguyen's discipline hearing. The hearing officer received evidence in the form of signed receipts for food tickets that purport to show that Nguyen signed for five food tickets on multiple dates and allegedly paid $50 for each of those transactions. However, the hearing officer also received evidence that shows that Nguyen only transferred $10 to Castle Cuisine Tickets on those dates. Finally, the record includes the disciplinary report that alleged Nguyen had ordered, but not paid, for numerous food tickets.

While Nguyen challenged that his signature appeared on the food cards and provided an affidavit of another inmate who claimed to have been responsible, there is some evidence to support the allegations against him. As the district court noted, the evidence was "not overwhelming" in this case. However, the district court applied the appropriate standard of review and found:

- that inmates at LCF routinely authorized the withdrawal from inmate accounts of usually $10.00 a week to be disbursed to the Brothers in Blue program;
- that the program allowed the Brothers in Blue to sell tickets to inmates at $10.00 per ticket;
- that upon transfer of funds to Brothers in Blue, the inmate would be given a ticket worth $10.00 for purchases; that the inmate would sign a receipt for the number of tickets received;
- that the inmate could use the ticket to buy food from the Castle Cuisine vendor; and
- that the petitioner and other inmates authorized weekly payments of usually $10.00 per week to the Brothers in Blue, but then later signed or authorized someone to sign for the receipt of 5 tickets a week.

7

In summary, although we agree that the evidence is not overwhelming, there is some evidence in the record to support the disciplinary hearing officer's decision as well as the district court's denial of Nguyen's 60-1501 petition. We also find that the district court provided Nguyen with an adequate opportunity to be heard at the evidentiary hearing before the district court but that his attorney chose not to present additional evidence since it would have been repetitive. Moreover, we find that the district court did consider the possibility that the thefts were committed by another inmate. We, therefore, conclude that the district court's decision to deny Nguyen's 60-1501 petition should be affirmed.

Affirmed.