NOT DESIGNATED FOR PUBLICATION

No. 118,571

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CLEDITH L. BOHANON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed June 15, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before GREEN, P.J., MCANANY and BRUNS, JJ.

PER CURIAM: Cledith L. Bohanon appeals the district court's summary dismissal of his habeas corpus petition. We granted Bohanon's motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State has filed a response and requested that the district court's judgment be affirmed. We agree.

In 1980, a jury found Bohanon guilty of aggravated battery against a law enforcement officer, aggravated assault, and aggravated burglary. The Sedgwick County District Court sentenced Bohanon to a controlling term of 25 years to life in prison. On direct appeal, his convictions were affirmed. Moreover, we note that since his convictions

1

were affirmed, Bohanon has filed multiple habeas corpus actions under K.S.A. 60-1501 and K.S.A. 60-1507.

This appeal arises out of a document entitled "Pro Se Notice of Application For Leave to File AMENDED Petition that Supersede the Original Petition K.S.A. 60-215[b][c][1][2]" that Bohanon filed in district court on May 5, 2017. Unfortunately, Bohanon's pleading is difficult to decipher. Although Bohanon cites K.S.A. 60-1507 and K.S.A. 22-3504, his basis for the requested relief is unclear. It does not appear that he is actually challenging his original sentence. However, it appears that he is asking for release from the custody of the Kansas Department of Corrections (KDOC) because he has completed his sentence.

The district court summarily dismissed Bohanon's application on the following grounds:

- The application does not allege anything illegal about his original sentence.
- The Sedgwick County District Court cannot address the claims against the KDOC because he is not incarcerated in Sedgwick County.
- Relief under K.S.A. 60-1507 is unavailable because he failed to request such relief in a timely manner nor did he show any manifest injustice or other basis for extending the one-year time limit for filing.

On appeal, Bohanon suggests that he has now completed his sentence under the "the half plus law." As such, it appears that he is not challenging the legality of the sentence imposed by the district court. Instead, he is challenging the KDOC's calculation of his sentence to determine his release date.

"The calculation of release dates is the responsibility of the KDOC." *Hooks v. State*, 51 Kan. App. 2d 527, 532, 349 P.3d 476 (2015). "[T]he KDOC has full authority to

interpret court documents for purposes of executing the sentence and calculating a release date consistent with the applicable statutes and administrative regulations." 51 Kan. App. 2d at 533. Challenges to the calculation of a sentence by the KDOC to determine an inmate's release date are properly brought under K.S.A. 60-1501—not under K.S.A. 60-1507 or K.S.A. 22-3504. See *McKinney v. State*, 27 Kan. App. 2d 803, Syl. ¶ 2, 9 P.3d 600 (2000).

Furthermore, as this court held in *McKinney*:

"The calculation of release dates is the responsibility of the DOC. K.S.A. 21-4608(f)(4); K.A.R. 44-6-135 and 44-6-135a. Under these circumstances, McKinney's petition purports to state a claim under K.S.A. 1999 Supp. 60-1501(a) and *must be filed in the county of incarceration rather than the sentencing court*." (Emphasis added.) 27 Kan. App. 2d 803.

Moreover, claims involving the calculation of release dates that are filed in the wrong court are properly dismissed for lack of jurisdiction. See *McKinney*, 27 Kan. App. 2d 803, 804.

Here, Bohanon challenges the KDOC's calculation of his sentence rather than the legality of the sentence pronounced by the sentencing court. As such, the county of incarceration would have the jurisdiction to hear his claim. 27 Kan. App. 2d 803. Because Sedgwick County was the county of sentencing and not the county of incarceration, the Sedgwick County District Court did not have jurisdiction to hear this matter. We, therefore, conclude that summary dismissal of Bohanon's application was appropriate and we affirm the district court's decision.

Affirmed.

3