NOT DESIGNATED FOR PUBLICATION

No. 119,734

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MATTHEW CAMPBELL,
*Appellant*,

v.

SAM CLINE, Warden,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed March 1, 2019. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Sherri Price*, legal counsel and special assistant attorney general, of Lansing Correctional Facility, for appellee.

Before BRUNS, P.J., SCHROEDER and GARDNER, JJ.

PER CURIAM: Matthew Campbell appeals the district court's dismissal of his petition for writ of habeas corpus. He alleges the district court erred in finding his manuscript was subject to the one-ounce rule and that Lansing Correctional Facility violated his due process rights by destroying the manuscript. We find no error and affirm.

In May 2017, Lansing Correctional Facility received a package addressed to Campbell containing a manuscript written on three legal pads. The manuscript was in Campbell's own handwriting, unpublished, and mailed from a family member outside Lansing Correctional Facility to protect Campbell's copyright. Lansing's staff told

1

Campbell he could not have the package because it was a book that had not come from an authorized vendor or publisher as required by K.A.R. 44-12-601(g)(1) (2018 Supp.). Lansing told Campbell he could pay to have the manuscript mailed to someone outside of Lansing or they would destroy it as contraband. Lansing later destroyed the manuscript because Campbell did not opt to mail it out.

In September 2017, Campbell filed his petition for writ of habeas corpus alleging Lansing staff wrongfully seized his mail. He sought delivery of his manuscript, damages of $2,000, and an order that his remaining six manuscripts be delivered to him when Lansing received them.

The district court issued the writ, and Cline filed a motion to dismiss. Cline alleged Lansing did not wrongfully seize Campbell's property because K.A.R. 44-12-601(g) (2018 Supp.) provides that "[o]nly books, newspapers, and periodicals received directly from a publisher or a vendor shall be accepted," and the manuscript did not come from a publisher or vender.

The district court held a hearing on Cline's motion to dismiss. Campbell argued his previous prison gave him his manuscripts and Lansing should be required to do likewise. He also argued Lansing improperly destroyed his manuscript instead of preserving it for his hearing.

Cline argued the manuscript violated the one-ounce rule—a portion of K.A.R. 44-12-601(g)(1) (2018 Supp.) which states "an inmate shall be permitted to receive printed material, including newspaper and magazine clippings, if the material is included as part of a first-class letter that does not exceed one ounce in total weight."

After hearing argument, the district court granted the motion to dismiss. It found the manuscript was not a book from a publisher or vendor. The district court found it was

reasonable for Lansing to "limit letters or handwritten documents" to one ounce, and the legal pads exceeded one ounce. The district court also found Campbell filed a grievance within Lansing, and it gave him two options—pay to mail the manuscript to someone outside of the facility or Lansing would destroy the manuscript. The district court found Campbell did not advise Lansing to send the manuscript out, instead he asked Lansing to save the manuscript for court.

ANALYSIS

*Right for wrong reason*

An appellate court reviews a district court's decision on a K.S.A. 60-1501 petition to determine whether the district court's factual findings are supported by substantial competent evidence and are sufficient to support the court's conclusions of law. *Rice v. State*, 278 Kan. 309, 320, 95 P.3d 994 (2004); *Hooks v. State*, 51 Kan. App. 2d 527, 530, 349 P.3d 476 (2015). The district court's conclusions of law are subject to de novo review. *Rice*, 278 Kan. at 320; *Hooks*, 51 Kan. App. 2d at 530. Similarly, interpretation of a statute or regulation is a question of law subject to de novo review. *In re Tax Appeal of LaFarge Midwest*, 293 Kan. 1039, 1043, 271 P.3d 732 (2012). Here, there is no disagreement about the facts; the parties only argue about the legal conclusions drawn from those facts.

The district court erred when it found "it is a reasonable rule that [Lansing] limit letters or handwritten documents to be limited to one ounce" because there is no such limit to correspondence. Instead, the one-ounce rule applies to printed materials included as part of a first-class letter. K.A.R. 44-12-601(g)(1) (2018 Supp.) states:

> "Inmates may receive books, newspapers, and periodicals as permitted by the internal management policies and procedures of the department of corrections. All books, newspapers, and periodicals shall be purchased through account withdrawal requests.

3

Only books, newspapers, and periodicals received directly from a publisher or vender shall be accepted. *However, an inmate shall be permitted to receive printed material, including newspaper and magazine clippings, if the material is included as part of a first-class letter that does not exceed one ounce in total weight.*" (Emphasis added.)

Nonetheless, Campbell is not entitled to relief. If a district court reaches the correct result, its decision will be upheld even though it relied upon the wrong ground or assigned erroneous reasons for its decision. *Gannon v. State*, 302 Kan. 739, 744, 357 P.3d 873 (2015). Here, the district court reached the correct result, despite erroneously implying the one-ounce rule applied to all correspondence.

Campbell contends the district court erred because the manuscript on three legal pads was personal correspondence, not a publication. He asserts the one-ounce rule does not apply to personal correspondence. As a result, Campbell argues the district court erred since he is entitled to receive unlimited correspondence—with no restriction on length—from family and friends. Citing various dictionaries' definitions of "book" and "manuscript," Cline contends the legal pads were not "personal correspondence." He argues the district court did not err because the book was not received from a vendor or publisher. Despite Campbell's arguments otherwise, the manuscript written on three legal pads was not personal correspondence.

Although K.A.R. 44-12-601(g)(1) (2018 Supp.) does not define personal correspondence or a manuscript, appellate courts give these words their ordinary meaning when interpreting statutes. See *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016).

Webster's New World College Dictionary 334 (5th ed. 2014) defines correspondence as, in relevant part, "a) communication by exchange of letters b) the

4

letters received or written." The legal pads were not letters; they were Campbell's manuscript.

Webster's New World College Dictionary 890 defines manuscript as "a book or document written by hand, esp. before the invention of printing . . . a written or typewritten document or paper, esp. the copy of an author's work that is submitted to a publisher or printer." It defines a book as "a number of sheets of paper, parchment, etc. with writing or printing on them, fastened together along one edge, usually between protective covers." Webster's New World College Dictionary 170.

Campbell's manuscript is a book. K.A.R. 44-12-601(g)(1) (2018 Supp.) prohibits Campbell from receiving his manuscript because "only books, newspapers, and periodicals received directly from a publisher or vender shall be accepted." Since the package contained a book, the district court correctly granted Cline's motion to dismiss. See *Gannon*, 302 Kan. at 744.

*No due process violation*

Campbell contends Cline violated his due process right because Lansing failed to follow its grievance procedures and, ultimately, destroyed the manuscript. Whether due process has been afforded is a question of law over which appellate courts have unlimited review. *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005). Alleged violations of procedural due process require a two-step analysis. First, the appellate court must decide whether Cline or Lansing deprived Campbell of life, liberty, or property. If a deprivation was completed through State action, we must next determine the extent and nature of the process which is due. *Hogue*, 279 Kan. at 850-51.

Lansing destroyed Campbell's manuscript, thus depriving him of his property. Cline asserts Lansing did not deny Campbell due process because he had an opportunity

5

to resend the manuscript out of the facility to an address of his own choosing. Cline's argument is more persuasive.

Lansing gave Campbell two options—he could pay to have the manuscript mailed to someone he chose, or they would destroy it. Campbell could have opted to send his manuscript elsewhere, but he chose not to. Instead, he asked Lansing to hold the manuscript "as evidence for court." Had Campbell elected to send the manuscript elsewhere, there would be no deprivation whatsoever. Lansing provided Campbell with two options. He failed to respond. Due process was provided. The district court did not err in dismissing his petition for writ of habeas corpus.

Affirmed.