NOT DESIGNATED FOR PUBLICATION

No. 120,405

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

FRANKLIN GRAMMER JR.,
*Appellant*,

v.

KANSAS DEPARTMENT OF CORRECTIONS,
MARTIN J. SAUERS, WARDEN, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Ellsworth District Court; SCOTT E. MCPHERSON, judge. Opinion filed July 12, 2019.
Affirmed.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Robert E. Wasinger*, legal counsel, Ellsworth Correctional Facility, for appellees.

Before LEBEN, P.J., MALONE and GARDNER, JJ.

PER CURIAM: Franklin Grammer Jr. appeals the district court's dismissal of his K.S.A. 60-1501(b) petition as untimely. Because he failed to file that petition within the time specified in the relevant statute, we affirm.

*Factual and procedural background*

While Grammer was an inmate at Ellsworth Correctional Facility, a corrections officer confiscated a fan in his possession because it had been altered by removing every

1

other slat. Grammer claimed that the alterations had been done years earlier, were solely for the purpose of improving the airflow, and did not pose a safety risk.

After the officers confiscated the fan, Grammer filed a grievance with the Unit Team in January 2017. The Unit Team denied that grievance. Grammer appealed that decision to Warden Martin J. Sauers, who agreed that the fan should be removed because it had been altered from its original condition. Grammer appealed the Warden's decision to the Secretary of Corrections designee Douglas Burris. Burris responded on February 21, 2017, that the staff's response was appropriate.

On May 3, 2017, Grammer filed a pro se petition pursuant to K.S.A. 60-1501, alleging that Kansas Department of Corrections (KDOC) had violated his constitutional rights by seizing the fan. To state a claim for relief under that statute, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). Grammer argued that KDOC's justification for seizing his property—a regulation prohibiting the alteration of personal property—interfered with his inherent ownership rights to do as he wished with his property. Grammer also claimed that the "final disposition" of his case occurred on March 3, 2017.

The district court issued a writ in May 2017, ordering KDOC to respond to Grammer's petition within 30 days. In September 2017, Grammer moved for default judgment because KDOC had not responded. The district court then held a status hearing at which KDOC stated it had never received a summons from Grammer's counsel after the district court's May 2017 order. The district court then denied Grammer's motion for default judgment, denied KDOC's request for service by summons, and ordered KDOC to file an answer within 30 days.

Within 30 days, KDOC moved to dismiss Grammer's petition as untimely. According to KDOC, Grammer had exhausted his administrative remedies on February 21, 2017, when the Secretary of Corrections' designee responded to his appeal; that was the final action which triggered the 30-day period in which Grammer could file his 60-1501 petition. Grammer then waited more than two months to file his K.S.A. 60-1501 petition, well outside the 30-day time limit set forth in that statute. The district court agreed. It granted KDOC's motion and dismissed Grammer's petition as untimely. Grammer appeals.

*Did the district court err in dismissing Grammer's K.S.A. 60-1501 petition?*

We review a district court's decision on a K.S.A. 60-1501 petition to determine whether the district court's factual findings are supported by substantial competent evidence and are sufficient to support the court's conclusions of law. The district court's conclusions of law are subject to de novo review. *Rice v. State*, 278 Kan. 309, 320, 95 P.3d 994 (2004); *Hooks v. State*, 51 Kan. App. 2d 527, 530, 349 P.3d 476 (2015).

Our law requires an inmate to exhaust any administrative remedies established by the Secretary of Corrections before filing any civil action against the State, any political subdivision of the state, or a public official. K.S.A. 75-52,138. See *Sperry v. McKune*, 305 Kan. 469, 482-83, 384 P.3d 1003 (2016). The inmate must also establish within his or her original petition that he or she exhausted available administrative remedies. K.S.A. 75-52,138. Grammer exhausted his administrative remedies, then filed a civil petition against the KDOC.

The governing statute required Grammer to file his petition within 30 days of the final action in his administrative appeal:

3

"[A]n inmate in the custody of the secretary of corrections shall file a petition for writ pursuant to subsection (a) within 30 days from the date the action was final, but such time is extended during the pendency of the inmate's timely attempts to exhaust such inmate's administrative remedies." K.S.A. 60-1501(b).

The record shows the following timeline:

- Grammer filed a grievance on January 30, 2017, after correctional officers at Ellsworth Correctional Facility confiscated his fan.
- Disagreeing with the correctional officers' decision, Grammer directed the grievance to Warden Sauers on February 7. Sauers responded in a letter six days later agreeing with the decision to remove the fan.
- Grammer submitted another appeal on February 16 to the Secretary of Corrections designee Douglas Burris. Burris responded on February 21 that the previous decisions were "appropriate."
- Grammer filed his current petition on May 3, claiming that "final disposition" occurred on March 3.

The record does not reflect what, if anything, occurred on March 3 that Grammer asserts was the final action, and Grammer does not say. But even assuming that the final action occurred on March 3, as Grammer alleges, instead of on February 21, as KDOC alleges, more than 30 days passed between March 3 and May 3, the date Grammer filed his 60-1501 petition. The district court correctly found that Grammer filed his petition out of time. See *Corter v. Cline*, 42 Kan. App. 2d 721, 723, 217 P.3d 991 (2009) (holding that the trial court did not err in finding a petition to be untimely). Grammer appears to concede as much.

4

*Grammer fails to support his argument that an equitable exception exists to extend the 30-day time limit.*

Grammer primarily contends that this court should apply an equitable exception to the 30-day filing period.

We have occasionally done so. Appellate courts in Kansas view the 30-day limit in K.S.A. 60-1501(b) as a statute of limitations for habeas corpus petitions. This means that the 30-day limit does not impose a jurisdictional bar, may be waived, and is subject to equitable exceptions. See *Battrick v. State*, 267 Kan. 389, 401, 985 P.2d 707 (1999) (characterizing 30-day period in K.S.A. 60-1501 as statute of limitations); *Knittel v. Kansas Prisoner Review Board*, No. 111, 552, 2014 WL 6777450, at *3 (Kan. App. 2014) (unpublished opinion) (omission of jurisdictional language in K.S.A. 60-1501[b] supports conclusion that 30-day filing period is a statute of limitations). This court previously applied an equitable exception to the 30-day filing period where corrections officers denied an inmate's access to legal materials. See *Dudley v. Snyder*, No. 111,806, 2015 WL 1514243, at *3 (Kan. App. 2015) (unpublished opinion).

Grammer appears to claim that the 30-day limit should be extended based on further attempts to exhaust administrative remedies. But he supports that claim with only the following general statement:

> "Since the Petition was dismissed without a hearing, it is unknown why the Petition was filed outside the 30 day window. It is unknown if Grammer attempted further relief at the administrative level that may have tolled the 30 day limit or whether he was prevented in some manner in filing the Petition."

This statement is not enough to warrant an equitable exception in this case. Grammer's claims are speculative and are not based on facts of record. He does not allege, let alone show, that further administrative remedies were available and that he

took them. Nor does he show that he was somehow prevented from filing his 60-1501 petition earlier.

Based on the record, Grammer exhausted his administrative remedies on February 21, when the Secretary of Corrections designee affirmed the denial of his grievance or soon thereafter when he learned of that decision. That was the final action, triggering the 30-day period in which Grammer had to file his petition. Because Grammer did not file his 60-1501 petition within 30 days of that date, the district court properly dismissed it as untimely.

Affirmed.