NOT DESIGNATED FOR PUBLICATION

No. 121,798

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID U. JONES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed June 19, 2020. Affirmed.

Submitted for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h).

Before WARNER, P.J., MALONE and BRUNS, JJ.

PER CURIAM: David U. Jones appeals the district court's denial of his motion to award jail credit. We granted Jones' motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State has responded and does not object to summary disposition. Based on our review of the record, we do not find that the district court erred. Thus, we affirm.

FACTS

On September 9, 2016, Jones pled guilty to an offender registration violation. The district court subsequently sentenced Jones to 19 months' imprisonment suspended to probation for 24 months. Several months later, the district court revoked Jones' probation

1

based on his stipulation that he violated the conditions of his probation. The district court ordered Jones to serve a 60-day sanction and reinstated his probation for 24 months.

A year later, the district court revoked Jones' probation for a second time based on his stipulation that he violated the conditions of his probation. This time, the district court ordered Jones to serve a modified 16-month period of imprisonment and awarded him 367 days of jail credit. The district court also noted that Jones was held on a Kansas Department of Corrections (KDOC) warrant for 211 of the 367 days in another criminal case. The district court found that if Jones received credit for the 211 days in the other case, then he would not be eligible for duplicate credit in this case.

On March 15, 2019, Jones filed a pro se motion to correct what he believed to be a clerical mistake regarding his awarded jail credit. Four months later, an attorney representing Jones filed a motion to award jail credit seeking additional jail credit. After a hearing, the district court denied Jones' request and found that the additional time he requested had been awarded in the other case. Thereafter, Jones timely appealed.

ANALYSIS

On appeal, Jones contends that the district court erred when it denied his motion to award jail credit. He argues that the district court should have credited the 211 days in the separate case to this case "because his post-release supervision in [the other case] was not revoked until after he was sentenced in this case." The State responds that Jones is not entitled to relief. Moreover, the State asserts that if Jones challenges the calculation of his sentence by the KDOC, the issue should be asserted in a K.S.A. 60-1501 petition filed in the county of confinement.

Under Kansas law, when a defendant is sentenced to confinement, the court is required to designate a date that the sentence begins to run in order to "be computed as an

2

allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case." K.S.A. 2019 Supp. 21-6615(a). A defendant sentenced to incarceration must be given credit for all time spent in custody "solely on the charge for which he is being sentenced." *State v. Calderon*, 233 Kan. 87, 97, 661 P.2d 781 (1983).

Here, as the district court explained in denying Jones' request for additional jail credit, Jones had already been given credit toward a sentence for every day Jones spent in custody in this case. The additional jail credit that Jones was requesting was for time he was incarcerated in a separate case. In addition, the district court found that it lacked jurisdiction to award duplicate credit and determined that Jones' arguments regarding KDOC's calculation of his length of confinement should be brought in a K.S.A. 60-1501 petition filed in the county in which Jones is confined.

The calculation of release dates is the responsibility of the KDOC. See K.S.A. 2019 Supp. 21-6606 (calculating credit for time spent in confinement); K.A.R. 44-6-106(a) (KDOC staff "shall have the authority to analyze and interpret the journal entry of judgment, the judgment form, and any other documents from the court to the extent necessary to execute the sentence and commitment"); K.A.R. 44-6-135a (2017 Supp.) (computing maximum sentence credit when consecutive sentences have been aggregated to previously imposed consecutive sentences; K.A.R. 44-6-135 (2017 Supp.) (computing prison service credit); see also *Hooks v. State*, 51 Kan. App. 2d 527, 532, 349 P.3d 476 (2015). Accordingly, the district court correctly found that under these circumstances, Jones' petition purports to state a claim under K.S.A. 2019 Supp. 60-1501(a) and must be filed in the county of incarceration, rather than with the sentencing court. See *McKinney v. State*, 27 Kan. App. 2d 803, 803, 9 P.3d 600 (2000).

Finally, a party asserting that prejudicial error has occurred has the burden of designating a record that affirmatively shows the error. *State v. McCullough*, 293 Kan. 970, 999, 270 P.3d 1142 (2012). Without such a record, an appellate court presumes the

action of the district court was proper. *State v. Dean*, 310 Kan. 848, Syl. ¶ 1, 450 P.3d 819 (2019). Based on the record provided to us in this case, we have no reason to conclude that the district court erred in finding that Jones had already received jail credit in the separate case. Thus, we presume the district court's ruling was proper and supported by the evidence.

Affirmed.