NOT DESIGNATED FOR PUBLICATION

No. 123,090

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CLINT E. WOODS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN M. SMITH, judge. Opinion filed October 1, 2021. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., CLINE, J., and BURGESS, S.J.

PER CURIAM: Clint Woods filed a K.S.A. 60-1501 petition, arguing he was entitled to additional jail time credit. The district court construed the filing as a K.S.A. 60-1507 motion and denied it as successive and untimely in accordance with the rules applicable to K.S.A. 60-1507 motions. The parties agree that the district court erred in construing the filing under K.S.A. 60-1507 and that it should have been considered as a K.S.A. 60-1501 petition. Because Woods brought the petition in the wrong county, the State argues that the district court's decision should be affirmed but for the wrong reason. This court has recently held that the proper course of action for a district court when faced with a K.S.A. 60-1501 petition filed in the wrong county is not dismissal, but rather

1

transfer to the county where the petitioner is being confined. However, there is another ground for affirming the district court for the wrong reason—res judicata. Woods' K.S.A. 60-1501 petition involves the same claims and same parties as two previous K.S.A. 60-1507 motions, which were denied on the merits. Woods' present K.S.A. 60-1501 petition is barred by res judicata. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2003, Woods pled guilty to second-degree murder in case 03CR94. The Sedgwick County District Court sentenced Woods to 258 months in prison.

Woods filed a K.S.A. 60-1501 petition in November 2019 in the Sedgwick County District Court. At the time of filing, Woods was incarcerated at the Norton Correctional Facility in Norton County. In the petition, Woods challenged the calculation of his jail time credit.

The district court construed Woods' filing as one brought under K.S.A. 60-1507. Woods had brought four prior motions under K.S.A. 60-1507. Though these motions are not in the record, they are discussed in *Woods v. State*, No. 122,604, 2021 WL 2021521 (Kan. App. 2021) (unpublished opinion), *petition for rev. filed* June 18, 2021. The district court denied the current filing as successive and untimely, as it was brought well after the one-year time limitation for K.S.A. 60-1507 motions.

Woods appeals.

2

DISCUSSION

*The district court did not err in denying Woods' request for jail time credit.*

Woods argues that the district court erred by construing his K.S.A. 60-1501 petition as a motion brought under K.S.A. 60-1507. The State agrees that the district court erred.

Whether the district court properly construed a pro se pleading is a question of law subject to unlimited review. *State v. Redding*, 310 Kan. 15, 18, 444 P.3d 989 (2019). Courts interpret pro se pleadings based on their contents and not solely their titles. 310 Kan. at 18. Because both the title and the contents of Woods' petition indicated that he sought relief under K.S.A. 60-1501, the district court erred by construing the petition under K.S.A. 60-1507. See *Hooks v. State*, 51 Kan. App. 2d 527, 349 P.3d 476 (2015) (accepting a K.S.A. 60-1501 petition as an appropriate vehicle for a challenge to jail time credit calculation).

The State argues that, even if the district court improperly construed the petition, the denial of relief was correct, albeit for the wrong reason, because Woods filed the petition in the wrong county. K.S.A. 60-1501 requires an inmate to file a petition in the inmate's county of confinement. Because Woods filed the petition in the county of his conviction (Sedgwick County) and not the county of his confinement (Norton County), the State argues that the district court properly dismissed the petition.

The State is partially correct. Woods should have filed his K.S.A. 60-1501 petition in Norton County. In the past, this court has issued differing opinions as to whether a habeas petition filed in the wrong county should be dismissed or transferred. See *Johnson v. Zmuda*, 59 Kan. App. 2d 360, 364-65, 481 P.3d 180 (2021) (discussing cases). This court recently settled the issue in *Johnson*, where it held that "[t]he proper course for a

3

district court when faced with a K.S.A. 60-1501 petition filed in the wrong county—i.e., the improper venue—is to transfer the case to the district court in the county where the petitioner is being confined." 59 Kan. App. 360, Syl. ¶ 3. The *Johnson* court held that the issue was one of venue rather than subject matter jurisdiction. Under Kansas venue statutes, when a petitioner files a civil case in good faith but in the wrong county, "the action shall be transferred to a court of proper jurisdiction of any county of proper venue." K.S.A. 60-611; *Zmuda*, 59 Kan. App. 2d at 365.

Even though a transfer of venue was appropriate, it is not necessary to reverse the district court and remand the case with instructions to transfer Woods' motion to the proper county. There is another basis for affirming the district court—res judicata. See *Spry v. Pryor*, No. 119,573, 2019 WL 638266, at *2 (Kan. App.) (unpublished opinion) (noting that "Kansas appellate courts have applied res judicata to 60-1501 actions successively raising repetitive legal challenges" and providing examples), *rev. denied* 310 Kan. 1063 (2019). Although the parties do not discuss this issue in their briefs, it is within this court's discretion to raise the applicability of the doctrine of res judicata sua sponte. See *State v. Parry*, 305 Kan. 1189, 1191-92, 390 P.3d 879 (2017).

Courts will invoke res judicata to bar a successive claim where there have been prior proceedings and the following conditions are met: (1) The issues in the present and previous proceedings address the same claim; (2) the parties in the two proceedings are the same; (3) the claims in the current proceedings were or could have been raised in the prior proceedings; and (4) the prior proceedings resulted in a final judgment on the merits. *Cain v. Jacox*, 302 Kan. 431, 434, 354 P.3d 1196 (2015).

Although neither party addressed this in their briefs, Woods has sought additional jail time credit on two prior occasions.

4

The record shows that Woods filed a motion in April 2018 entitled "Order Nunc Pro Tunc," arguing that he was entitled to additional jail time credit. Woods asserted that he was arrested in connection with case 03CR94 on September 23, 2002, and held in jail until being formally charged on January 24, 2003. He asked the court to award him 123 days of jail time credit for the time he was held before being charged. The district court summarily denied the motion. In ruling, the district court noted that Woods was in jail during the time period in question because he had been arrested on a postrelease violation. The district court relied on *State v. Calderon*, 233 Kan. 87, 98, 661 P.2d 781 (1983), for the proposition that "a defendant is entitled only to credit for the time held in custody solely on account of, or as a direct result of, those charges for which he is now being sentenced." Woods did not appeal the district court's decision.

In June 2019, Woods filed a "Motion for Jail Credit" making substantially the same argument again, although in that motion he requested 126 days of jail time credit. The district court's ruling on this motion is not in the record. Presumably it was denied because if it had been granted, there would be no reason for Woods to pursue the current action.

Both of Woods' prior motions raised the same claim that he was entitled to jail time credit for the time between his arrest on a postrelease violation and his formal charging in 03CR94. The claim was raised and ruled upon. The same parties were involved. The district court issued a final judgment on the merits rejecting Woods' claim. For these reasons, res judicata provides a basis for dismissing Woods' present 60-1501 petition. See *State v. Peterson*, No. 122,318, 2021 WL 834006, at *3 (Kan. App. 2021) (unpublished opinion) (holding that appellant's claim for jail time credit was barred by res judicata because the district court rejected the argument when it was raised in a previous motion and the appellant failed to appeal the district court's denial of his first motion raising the issue), *petition for rev. filed* April 5, 2021.

5

We find that the district court properly dismissed Woods' petition albeit for the wrong reason. It was improper for the district court to construe the K.S.A. 60-1501 petition as Woods' fifth K.S.A. 60-1507 motion. However, res judicata provides a basis for the district court's dismissal of the current claim.

Affirmed.