NOT DESIGNATED FOR PUBLICATION

No. 129,508

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

THADDEUS JONES,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; SEAN M.A. HATFIELD, judge. Submitted without oral argument. Opinion filed May 29, 2026. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before MALONE, P.J., ATCHESON, J., and MICHAEL B. BUSER, retired Court of Appeals Judge, assigned.

MALONE, J.: Thaddeus Jones appeals the denial of his pro se "Motion to Amend and Correct Journal Entry." In his motion, he sought to be awarded duplicate jail credit under the holding in *State v. Hopkins*, 317 Kan. 652, 537 P.3d 845 (2023), although Jones' sentence became final and the mandate was issued in his direct appeal before the opinion in *Hopkins* was released. We granted Jones' motion for summary disposition of his appeal under Kansas Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48).

In January 2020, in Sedgwick County case No. 17CR168, a jury found Jones guilty of battery against a law enforcement officer and criminal threat for crimes committed in 2017. On June 5, 2020, the district court imposed a controlling sentence of

1

122 months' imprisonment to be served consecutive to three other cases, 82CR1864, 84CR305, and CR10920. The journal entry of judgment awarded Jones 1,229 days of jail credit from January 23, 2017, to June 5, 2020, but noted Jones was "also held on a KDOC [Kansas Department of Corrections] warrant for parole violation" in his other three cases during that time and "if defendant receives credit for these dates in any of these cases then defendant is not eligible for duplicate credit for these dates in 17CR168."

Jones filed a direct appeal and this court affirmed his convictions. *State v. Jones*, No. 123,026, 2021 WL 5858486 (Kan. App. 2021) (unpublished opinion). Jones did not challenge his jail credit award on appeal. The mandate was issued on December 9, 2022.

On July 25, 2024, Jones filed a pro se "Motion to Amend and Correct Journal Entry," in which he argued that under the holding in *Hopkins*, the district court erred by including language denying the duplicate jail credit. According to an exhibit attached to Jones' motion, it appears the KDOC applied the jail credit in question to the cases in which Jones was on parole and not to case No. 17CR168. In the motion, Jones asked the district court to amend his journal entry of judgment to clarify that the 1,229 days of jail credit should be applied "solely to this case" and to order the KDOC to apply the 1,229 days of jail credit "to the sentence in case no. 17CR168 exclusively."

On February 20, 2025, the district court denied Jones' motion without a hearing. The district court's order explained that Jones' journal entry correctly reflected his jail credit calculation, that Jones was sentenced consecutively to his prior cases for which he was on parole, and that Jones was not entitled to duplicate credit in this case. Jones filed a motion to reconsider, which the district court denied. Jones timely appealed.

In his motion for summary disposition, Jones asserts the holding in *Hopkins* "should be applied to his sentence in this case." He also asserts the KDOC "should be ordered to document how and to which sentence(s) it applied the 1229 days of jail time

2

credits." But Jones candidly cites legal authority contrary to his position based on the fact that his sentence became final before the opinion in *Hopkins* was released. The State does not contest summary disposition of Jones' appeal and contends he is entitled to no relief. Resolution of Jones' jail credit claim involves statutory interpretation, over which we exercise plenary review. *Hopkins*, 317 Kan. at 656.

Jones' "Motion to Amend and Correct Journal Entry" filed in district court cited K.S.A. 22-3426 for relief. But K.S.A. 22-3426 merely sets forth the required contents of a journal entry of judgment and provides no authority for amending or correcting a journal entry of judgment. Jones' motion essentially requested a correction of his sentence under K.S.A. 22-3504 based on an alleged error in awarding jail credit, although his motion did not cite the proper statute for relief. Jones argued he was entitled to relief from his illegal sentence under the holding in *Hopkins* to the extent he was denied duplicate jail credit in his multiple cases. "Pro se pleadings are liberally construed, giving effect to the pleading's content rather than the labels and forms used to articulate the defendant's arguments. A defendant's failure to cite the correct statutory grounds for his or her claim is immaterial." *State v. Gilbert*, 299 Kan. 797, 802, 326 P.3d 1060 (2014).

Jones is correct that our Supreme Court's holding in *Hopkins* changed Kansas law on awarding jail credit. The *Hopkins* court expressly overruled its prior decision in *Campbell v. State*, 223 Kan. 528, 530-31, 575 P.2d 524 (1978), which had construed the Kansas jail credit statute to require a sentencing court to award a defendant credit for time spent in jail "solely" on the charge for which the defendant is being sentenced.

But Jones is not entitled to receive relief under *Hopkins* because his sentence became final and the mandate was issued in his direct appeal before the opinion in *Hopkins* was released. As Jones concedes in his motion for summary disposition, a sentence is not illegal "because of a change in the law that occurs after the sentence is pronounced." K.S.A. 22-3504(c)(1). A "change in the law" includes an opinion by a

3

Kansas appellate court, "unless the opinion is issued while the sentence is pending an appeal from the judgment of conviction." K.S.A. 22-3504(c)(2). Kansas courts apply the longstanding rule that "'changes in the law apply prospectively and only to cases on direct review.'" *State v. Murdock*, 309 Kan. 585, 591, 439 P.3d 307 (2019); see also *State v. Dawson*, 310 Kan. 112, Syl. ¶ 2, 444 P.3d 914 (2019) ("After a direct appeal is final, a movant seeking the correction of an illegal sentence under K.S.A. 22-3504[1] will have the sentence's legality determined by the law in effect at the time the sentence was pronounced, unaffected by any subsequent change in the law."). Jones' jail credit award was lawful based on the law in effect when his sentence was pronounced. The subsequent ruling in *Hopkins* did not affect the legality of Jones' sentence after it was final.

Jones' motion for summary disposition also argues the KDOC "should be ordered to document" how the 1,229 days of jail credit are being applied among his various cases. But Jones is not entitled to this relief for the reasons we have just discussed. And as the State points out in its response, to the extent Jones is asking for an order directing the KDOC to recalculate his jail time credits and his release date, Jones would need to file a K.S.A. 60-1501 petition in the county of his incarceration to obtain this relief. See *Hooks v. State*, 51 Kan. App. 2d 527, 532-33, 349 P.3d 476 (2015) (recognizing K.S.A. 60-1501 petition as appropriate vehicle for challenging KDOC's jail time credit calculation).

A review of the pleadings and record shows that Jones is entitled to no relief in his challenge to his jail credit award. Thus, the district court did not err in summarily denying Jones' motion. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015) (finding that district court's judgment will be upheld if it is correct for any reason).

Affirmed.